Phebe J. Colby, Appellant, *v.* Edward Colby, an Infant, by George Simmons, his Guardian ad Litem, Respondent, Impleaded with Others.

*Demurrer — prayer for one kind of relief not conclusive against other relief — agreement to convey property by will — how enforced in equity.*

In construing a pleading demurred to, all reasonable intendments will be indulged in support of it.

The prayer in a complaint, for relief to which the plaintiff is not entitled, does not prevent him from obtaining the relief to which he is entitled under the allegations of his complaint.

While an agreement to make a certain disposition of property by a last will and testament is one which, strictly speaking, is not capable of specific execution, it is still within the jurisdiction of a court of equity to compel what is equivalent to a specific performance of such an agreement, by requiring those to whom the legal title has descended to convey the property in accordance with the terms of such agreement, and the court will not allow this *post mortem* remedy to be defeated by any devise inconsistent with the agreement.

Appeal by the plaintiff, Phebe J. Colby, from an interlocutory judgment of the Supreme Court in favor of the defendant, Edward Colby, entered in the office of the clerk of the county of Cayuga

on the 11th day of May, 1894, upon the decision of the court rendered after a trial at the Cayuga Special Term, sustaining the said defendant's demurrer to the complaint, and also from the order sustaining such demurrer.

*James R. Cox,* for the appellant.

*Rich & Aiken,* for the respondent.

LEWIS, J.:

The demurrer was sustained, as appears from the opinion of the trial court printed in the case, upon the grounds: *First,* that the complaint fails to state a cause of action; *second,* that there is a defect of parties, in that the personal representatives of the decedent whose will was sought to be admitted to probate are not made parties defendant.

In construing a pleading demurred to, all reasonable intendments will be indulged in for its support. (*Lorillard* v. *Clyde,* 86 N. Y. 385.)

Guided by this rule in construing this complaint, we are of the opinion that it states a cause of action, not perhaps the one that the pleader had in mind when he prepared the complaint. It states that one Lucius H. Colby in his lifetime was the owner and in possession of a house and lot in the city of Auburn, N. Y., and that in the month of May, 1893, he made a proposition of marriage to the plaintiff, which she accepted, and that thereupon an agreement in writing was made and subscribed by the parties, bearing date on the 20th day of May, 1893, by the terms of which it was mutually agreed that the two should be presently married, and that the plaintiff should live with the defendant at his residence and be a faithful and loving wife to him as long as he should live, and if the plaintiff should survive him she should have the said premises as her own in fee simple absolute; and that in pursuance of the terms of said contract and in part performance of said agreement the said Colby executed and published his will and testament in due form of law, by which he duly devised to the plaintiff, her heirs and assigns forever, the whole of the said premises, and he agreed that he would not revoke or alter the will; that on the said twentieth day of May the parties were duly married and the plaintiff went at once to live

with said Colby at his residence aforesaid, and from that time con-tinued to live with him as his wife, doing all things necessary for his health and comfort until he died on the 10th day of March, 1894.

That the defendants are the children, grandchildren and heirs at law of the deceased; that by the undue influence and persuasion of some of the defendants the said Colby, in the month of September, 1893, disregarding the obligations of his said ante-nuptial contract with the plaintiff, executed and published another and different will and undertook thereby to revoke the said will of May 20, 1893, with a view of defrauding the plaintiff. The complaint further alleged that the plaintiff is in the quiet possession of the premises, claiming to be the owner thereof in fee under the said contract and the will made as aforesaid in May, 1893, and judgment is demanded for the enforcement of the said ante-nuptial contract and confirma-tion of her title to said premises and for such other or different relief as to the court shall seem meet and proper.

The complaint in addition to the foregoing demanded judgment for the establishment and probate of the will of May 20, 1893, according to the statute in such case made and provided, and further that the will of September, 1893, be declared fraudulent and void. The latter relief was asked for under chapter 316 of the Laws of 1879, providing for the establishment and probate of wills in the Supreme Court.

The act of 1879 was repealed by sections 1866 and 1867 of the Code of Civil Procedure. (*Horton* v. *Cantwell*, 108 N. Y. 255; *Anderson* v. *Anderson*, 112 id. 104.)

The pleader did not seem to have been aware of the repeal of this act when he prepared his complaint.

But asking for this relief to which the plaintiff was not entitled did not prevent her from obtaining other relief to which she was entitled under the allegations of her complaint.

There was a legal binding contract alleged in the complaint, made upon a good and sufficient consideration, which the plaintiff fully and faithfully performed upon her part; the deceased failed to per-form on his part; he failed to vest her with the title to the property in question, and in consequence of such failure on the part of the deceased, the title to the house and lot descended to the defendants

who are his heirs at law; the relief to which the plaintiff is entitled is a conveyance from these heirs of the title to the premises in fulfillment of the contract of their ancestor.

While an agreement to make a certain disposition of property by a last will is one which, strictly speaking, is not capable of a specific execution, yet it has been held to be within the jurisdiction of a court of equity to do what is equivalent to a specific performance of such an agreement, by requiring those upon whom the legal title has descended to convey the property in accordance with its terms. (3 Pars. on Cont. 405.) And the court will not allow this *post mortem* remedy to be defeated by any devise inconsistent with the agreement.

The making of the first will was not a complete performance of the contract on the part of the deceased. The contract provided that if the plaintiff performed the contract upon her part she should have the fee of the premises in question. In this respect the deceased failed to perform the contract.

The relief to which the plaintiff is entitled is a conveyance of the premises from the heirs at law of the deceased.

There is no claim for damages against the estate. The personal representatives of the deceased are not, therefore, necessary parties, and then it does not appear from anything alleged in the complaint that the deceased has any personal representatives.

He left a will, but it does not appear that there was any executor appointed by the will, or that it has ever been admitted to probate.

The interlocutory judgment appealed from should be reversed and the demurrer overruled, with costs, but with leave, however, to the defendant demurring to serve an answer to the complaint within twenty days upon payment of the costs of this appeal and of the demurrer.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Interlocutory judgment appealed from reversed, and the demurrer overruled, with costs, with leave to the defendant demurring to answer within twenty days upon payment of the costs of the demurrer and of this appeal.