(41 Misc. Rep. 648.)

RHOADES v. SCHWARTZ et al.

(Supreme Court, Special Term, New York County. November, 1903.)

1. WILL—CONTRACT TO MAKE—ENFORCEMENT.

An owner of certain real estate agreed to devise realty to the mother of certain children, she to apply the income to the support of said children until one of them arrived at the age of 25 years, when the property was to be equally divided, the mother to pay all the taxes on the realty during the life of the owner thereof. *Held*, that the contract could be enforced by the beneficiary on her coming of age before the death of the original owner of the property against persons subsequently claiming title under the will of such owner, where the mother had performed her part, and where the beneficiary was the only natural heir of such original owner.

2. SAME—PARTIES.

Where the owner of realty agreed with another to devise such realty to her for the benefit of her two children, on the death of one of such children the mother is a necessary party to an action by the living child to enforce such agreement.

Action by Pauline Rhoades against Emma Schwartz and Emma Schwartz Ruppert, to enforce an alleged agreement on the part of Emma Schwartz to devest certain real estate. Demurrer to complaint. Overruled.

Parsons, Closson & McIlvaine, for plaintiff.
McFarland, Taylor & Costello, for defendants.

SCOTT, J. This action is brought to enforce specifically an alleged agreement on the part of one Elise Schmid, now deceased, to devise certain real estate in a particular way. It is alleged that said Elise Schmid was from 1878 to the time of her death in 1900 the owner of the real estate in question; that in the year 1889, being desirous of settling the said premises upon and for the benefit of the plaintiff and her sister, Josephine Schmid, the younger, she entered into a contract with Josephine Schmid, the elder, mother of the plaintiff and Josephine Schmid, the younger, to the effect that the said Elise Schmid would by will so devise the said premises that the said Josephine Schmid, the elder, should have and become seised of the same, in trust, however, to apply the income thereof to the maintenance of the plaintiff and her sister, Josephine Schmid, the younger, until said plaintiff should attain the age of 25 years, and then to divide the said premises, share and share alike, between the plaintiff and her said sister, Josephine. It is further alleged as a part of the agreement that said Elise Schmid was not only to make and execute such a will, but also to allow it to stand in full force and effect until her death, doing nothing to defeat the full intention thereof. The consideration for this agreement was the promise and undertaking on the part of Josephine Schmid, the elder, to pay, down to the death of said Elise Schmid, the taxes, Croton water rents, and assessments which might be imposed upon the property and the premiums upon insurance against fire upon the building erected upon the premises. It is further alleged that the said Josephine Schmid, the elder, fulfilled the agreement upon her part by paying the taxes, Croton water rents, and insurance premiums which she agreed to pay. It is alleged that in violation of her agreement the said Elise Schmid executed a deed and a will under which the defendants claim to be seised and possessed of the property, and for such deed and will it is alleged they gave no valuable consideration. Elise Schmid died on February 23, 1900, leaving her surviving no husband, no children, and no grandchildren, except the plaintiff, Josephine Schmid, the younger, who was also a grandchild, having died intestate and unmarried in February, 1893. At the time of Elise Schmid's death the plaintiff had attained the age of 25 years. The defendant Emma Schwartz demurs upon the ground that the complaint does not, as to her, state facts sufficient to constitute a cause of action. The defendant Emma Schwartz Ruppert demurs upon this ground, and also for that there is a defect of parties plaintiff in that Josephine Schmid, the elder, and the personal representative of Josephine Schmid, the younger, now deceased, are necessary parties plaintiff; and, further, that there is a defect of parties defendant in that the personal representative of Elise Schmid, deceased, is a necessary party defendant.

The complaint is based upon the principle now firmly established in this state that, where a certain and definite contract is clearly established, even though it involves an agreement to leave property

by will, and it has been performed on the part of the promisee, equity, in a case free from all objection on account of the adequacy of the consideration, or other circumstances rendering the claim inequitable, will compel a specific performance. Gall v. Gall, 64 Hun, 600, 19 N. Y. Supp. 332; Winne v. Winne, 166 N. Y. 263, 59 N. E. 832, 82 Am. St. Rep. 647. The complaint sets forth a perfectly certain and definite contract on the part of Elise Schmid. The consideration said to have been fully performed was the payment of taxes and other charges upon the property for some 10 years, while the promisor, for aught that appears to the contrary, remained in the possession and beneficial enjoyment of the premises. The persons to be benefiteu by the agreement were the only descendants, and therefore the natural heirs, of the promisor. There is, therefore, apparent upon the face of the complaint no inadequacy of consideration, and no injustice to any natural heir of Elise Schmid, the promisor. Since both of the defendants claim possession and title to the premises under instruments executed in violation of the promisor's agreement, they are proper parties defendant. There is no reason why any personal representative of Elise Schmid, the promisor, should be a party to the action. No damages are asked from her estate, and no relief is asked respecting her personal property. The action relates solely to a specified parcel of real estate. Under these circumstances there is no necessity for joining the personal representative of the promisor. Colby v. Colby, 81 Hun, 221, 30 N. Y. Supp. 677. I cannot avoid the conclusion, however, that Josephine Schmid, the elder, should be joined as a party plaintiff, or, if she refuses to act in that capacity, as a party defendant. Code Civ. Proc. § 448. It is true that the mere fact that the agreement was made with her for the benefit of her daughter does not require that she should be made a party to an action for the enforcement of the contract. Godine v. Kidd, 64 Hun, 585, 19 N. Y. Supp. 335; Bouton v. Welch, 170 N. Y. 554, 63 N. E. 539. Nor is she a necessary party because the agreement contemplated a devise to her in trust. That trust estate was to continue only until the plaintiff attained the age of 25 years, and since she attained that age before the death of the promisor, the projected title or estate to Josephine Schmid, the elder, lapsed, so that upon the promisor's death, if she had fulfilled her promise, the title would have passed at once to those for whose benefit the promise was made. There is another aspect, however, in which Josephine Schmid, the elder, becomes a necessary party. When Josephine Schmid, the younger, died in 1893, there was in existence a contract whereby the grandmother had undertaken to transmit to her the title to one-half the premises in suit. The agreement had then become irrevocable by reason of the part performance of the consideration, and, if the contract was fulfilled, Josephine, the younger, must in due time, upon the happening of the precedent condition, become seised of an interest in the property. The position of Josephine Schmid, the younger, at the time of her death was therefore closely, if not quite, analogous to that of a person who holds a contract for the conveyance of real estate. It is well settled that the interest of a vendee in such a contract is real estate, and in case of his death intestate descends to his

heirs, and not to his executor or administrator. Champion v. Brown, 6 Johns. Ch. 398; Griffith v. Beecher, 10 Barb. 434; Hathaway v. Payne, 34 N. Y. 103. The complaint shows that Josephine Schmid, the younger, died intestate and unmarried, leaving as her sole heirs at law the plaintiff and her mother, Josephine Schmid, the elder. It seems to be quite clear that upon the death of Josephine, the younger, the mother took by inheritance from her an estate in the property in suit, and is therefore a necessary party to an action to determine its ownership. I have not overlooked the allegation of the complaint that the agreement between Elise Schmid and Josephine Schmid, the elder, was made for the express benefit of the plaintiff and her sister, Josephine, "and the survivor of them." This, however, is merely the statement of a conclusion as to the effect of the agreement, and, in so far as it asserts that the agreement was made for the benefit of the survivor, is not borne out by the terms of the agreement as recited in the complaint. Because the interest of Josephine Schmid, the younger, under the contract, was real estate, it is not necessary that any personal representative of hers should be a party.

The demurrer of the defendant Emma Schwartz is overruled, with leave to withdraw the demurrer and answer in 20 days. The demurrer of the defendant Emma Schwartz Ruppert, upon the first ground stated by her, to wit, that Josephine Schmid, the elder, is a necessary party plaintiff, is sustained, with leave to plaintiff to amend her complaint within 20 days. The demurrer of said Emma Schwartz Ruppert upon the second, third, and fourth grounds stated by her is overruled, with leave to withdraw her demurrer and answer within 20 days.

Ordered accordingly.