Harriet E. Erlanger, Plaintiff, *v.* Arthur G. Erlanger, Defendant.

(Supreme Court, New York Special Term, January, 1918.)

**Specific performance — when action to compel will not lie — contracts — adoption — marriage.**

> An action to compel the specific performance of an, agreement to adopt children born of a marriage between the parties while defendant had a wife living will not lie.

Motion for judgment on the pleadings.

D. J. Gladstone, for plaintiff.

House, Grossman & Vorhaus, for defendant.

Hotchkiss, J. Defendant moves for judgment on the pleadings, consisting of complaint and answer. The complaint alleges the marriage of plaintiff and defendant, the defendant at the time having a wife living, and the birth of two children, now respectively seven and five years of age, as a result of the bigamous marriage. It is further alleged that defendant agreed to adopt the children " so as to effectuate his desire of his aforesaid children becoming his legal and lawful heirs." The action is brought for specific performance of the alleged agreement to adopt. The answer denies material allegations of the complaint, and as a separate defense sets forth in detail the mutual considerations contained in the agreement for adoption, including a promise by plaintiff to provide a home and to care for the children, and alleges that plaintiff in specified ways violated the conditions of the agreement by her to be performed. The defendant con-

tends that the complaint fails to state a cause of action, since it alleges no consideration for defendant's promise. This contention would be conclusive in defendant's favor had not the defendant cured the defect by setting forth the consideration in his answer. See *White* v. *Joy,* 13 N. Y. 83; Bliss Pleading (3d ed.) § 437; 6 Encyc. Pr. & Pl. 373, n. 1. But a more substantial difficulty appears upon considering the relief demanded by plaintiff. Adoption is exclusively a statutory proceeding, and the statute expressly provides that a child may not be adopted except in pursuance of its provisions. Dom. Re. Law, § 110. The adoption here applicable would necessarily be the " voluntary adoption " defined in section 110. Section 112 provides that the foster parent must appear before the surrogate and be examined by him,.and that there must be presented to the surrogate an instrument containing among other things " an agreement on the part of the foster parent  *  *  *  to adopt and treat the minor as his  *  *  *  own lawful child," such instrument to be signed by the foster parent and acknowledged by him before the surrogate. Section 114 provides that upon adoption the foster parent and the person adopted " sustain toward each other the legal relation of parent and child, and have all the rights and are subject to all the duties of that relation, including the right of inheritance from each other." As a general rule equity will not enforce a contract involving a personal relationship such as that created by adoption. Furthermore, the power of equity is here restricted by the statute, since obviously equity cannot compel the defendant to effect a " voluntary " adoption, nor, upon his presenting to the surrogate his executed agreement to treat the child as his own, can equity compel him to acknowledge the instrument as his free act and deed. Counsel cite no cases, nor have I been able to

find any in this state or elsewhere, in which the power of the court to compel an adoption has been considered. It is true that the courts have in effect compelled the specific performance, in its property aspect only, of an agreement to adopt by impressing a trust upon property in cases where there has been full performance on one side and where the defaulting party has died without effecting the adoption. *Winne* v. *Winne,* 166 N. Y. 263; *Middleworth* v. *Ordway,* 191 N. Y. 404. See also *Colby* v. *Colby,* 81 Hun, 221. Such cases, however, are clearly distinguishable from the present. Here the court is powerless to effect the intention of the parties. It cannot compel an adoption because of the personal relationship involved and because the statute requires the consent of the foster parent. It cannot compel an adoption in the property aspect only, for the statute does not provide for a partial adoption. It is unnecessary to consider the other questions raised in the briefs of counsel.

Ordered accordingly.