(43 App. Div. 414.)

### BRANTINGHAM v. HUFF et al.

(Supreme Court, Appellate Division, Second Department. October 8, 1899.)

1. PAROL EVIDENCE—VERBAL CONTRACT—ADOPTION.

　　Parol evidence is admissible to show that an indenture of adoption was executed in pursuance of a verbal contract, and not as a contract itself.

2. ADOPTION—JUDGMENT—RES JUDICATA.

　　The fact that an alleged adopted child was refused recognition as an heir at law on the probate of a will is no bar to a suit by her against the estate on a contract of adoption.

Appeal from special term, Richmond county.

Action by May Thorne Brantingham against Eunice E. Huff, individually and as executrix of Joseph Thorne, and others. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Alexander Thain, for appellant.

W. P. Prentice and W. C. Beecher, for respondents.

CULLEN, J. This action is brought against the devisees and grantees of one Joseph Thorne, deceased, to compel the specific performance of a contract alleged to have been made between the mother of the plaintiff, her only parent surviving at the time, and said Thorne, whereby the mother transferred her rights in the plaintiff to said Thorne and his wife, who, in consideration thereof, agreed to adopt the plaintiff as their child, and upon their death to give to her all the property of which either might then be possessed. In the proceedings for the probate of Mr. Thorne's will the plaintiff sought to intervene as an adopted child and heir at law. Her application was denied on the ground that there was no valid adoption, and the decision of the surrogate was affirmed by this court and by the court of appeals. In re Thorne's Will, 23 App. Div. 624, 48 N. Y. Supp. 1116, affirmed in 155 N. Y. 140, 49 N. E. 661. Thereafter the plaintiff brought this action to enforce the alleged contract.

That such a contract as the one set up on the part of the plaintiff may be specifically enforced has been decided by this court, both in the late general term of the First department and in the appellate division of the Third department (Godine v. Kidd, 64 Hun, 585, 19 N. Y. Supp. 335; Gates v. Gates, 34 App. Div. 608, 54 N. Y. Supp. 454), though there is no authoritative decision on the subject by the court of appeals. If such contracts are to be upheld, the condition of children received under these agreements would seem infinitely preferable to that of one adopted under the statute, or a child of a testator's loins; for neither of the latter has any indefeasible right to share in the estate of a parent, and either might be entirely disinherited. We express no opinion of our own on the question, but shall follow the decisions of this court in the other departments.

The learned judge at special term decided that a certain written indenture for the adoption of the plaintiff, which contains no agreement of the nature alleged in the complaint, constituted a contract between the parties. This finding is sufficient to support the judgment, as the court was not bound to accept as true the testimony of the plaintiff's mother; for "the rules require that the contract be certain and definite in all its parts, that it be mutual and founded upon an adequate consideration, and that it be established by the clearest and most convincing evidence." Gall v. Gall, 64 Hun, 600, 19 N. Y. Supp. 332. But on the trial the court excluded evidence offered by the plaintiff tending to confirm the oral contract testified to by the plaintiff's mother. The court held that the

written indenture expressed a contract between the parties, and that it could not be supplemented or modified by any oral agreement. The correctness of this ruling we must now determine. The indenture of adoption seems to be a printed form of indenture of apprenticeship, altered to suit the occasion. It purports to be an agreement between the plaintiff, "Mary Lee, aged one year and eleven months," and the Thornes, whereby the plaintiff agrees to "put herself to be adopted to" the said Thornes, and, "after the manner of an adopted child," to serve for the term of 16 years and 1 month. The Thornes agree that they will use the utmost of their endeavors to teach her in the mystery of housekeeping, and provide for her as an adopted child; furnishing her support, clothing, and medical attendance. The agreement is executed by the Thornes in person, by George Kellock, a superintendent of public charities, on behalf of the plaintiff, and also by the plaintiff's mother. It is also approved by the charity department of the city of New York. This instrument does not purport to state the agreement between the mother of the plaintiff and the Thornes in pursuance of which she surrendered the child. It is probable that by her signature to the agreement she estopped herself from denying the authority of the child, or Mr. Kellock on her behalf, to enter into the contract; but we cannot see that she precluded herself or her daughter, the plaintiff, from showing what the agreement between herself and the Thornes was. The general rule is that "where a verbal contract is entire, and a part only in part performance is reduced to writing, parol proof of the entire contract is competent." Hope v. Balen, 58 N. Y. 380. See Hutchins v. Hebbard, 34 N. Y. 24; Chapin v. Dobson, 78 N. Y. 74; Juilliard v. Chaffee, 92 N. Y. 529. The present case falls within the rule. The testimony of the plaintiff's mother, if credited, shows that the original agreement between her and the Thornes was entirely oral, and that the written instrument was executed for the purpose of formally transferring the custody of the child, and not to express the terms of the agreement between herself and the Thornes, and, as already said, does not purport to express that agreement. Under the ruling of the court, it was useless for the plaintiff to further proceed with evidence of this character. The plaintiff properly excepted to the ruling when made. As we think this ruling of the court on the admissibility of evidence was erroneous, it follows that the judgment appealed from must be reversed.

The respondents in their answers set up the proceedings in the surrogate's court on the probate of the will, the attempt of the plaintiff to intervene, and the decree of the surrogate denying her application, as a bar to the maintenance of this action. To this defense the plaintiff demurred, and an order was made overruling her demurrer. With the appeal from the judgment, the plaintiff has also appealed from the order referred to. We cannot see that the facts alleged in the answers constitute any defense. All that was decided, or that could have been decided, in the probate proceedings, was that the plaintiff was not an heir at law of the deceased, because she had not been legally adopted as the testator's child. This action,

however, is not based on the plaintiff's status as an heir at law, or on any right of inheritance, but on the express contract alleged to have been made between her mother and herself. The disposition of the demurrer was therefore erroneous.

The judgment appealed from should be reversed and a new trial granted; costs to abide the final award of costs. The order overruling the plaintiff's demurrer should be reversed, and judgment directed for the plaintiff on the demurrer, with costs of the demurrer and of this appeal; the expenses of printing the case and points on appeal not to be allowed on demurrer, but charged as disbursements of the appeal from the judgment. All concur.