KINE v. FARRELL et al.

(Supreme Court, Appellate Division, First Department. April 11. 1902,)

1. CONTRACT TO MAKE WILLS—PROBATE OF WILL—ESTOPPEL.

Where a husband, after agreeing with his wife not to change or revoke his will by which all his property was left to her, in consideration of her discharge of a mortgage on his property, made a new will leaving the title to another, the fact that the last will is a violation of such agreement is not ground for refusing probate, under Code Civ. Proc. § 2623, providing that if it appears that the will was duly executed, and that the testator was competent and not under restraint, the will must be admitted to probate; and hence the wife is not estopped from claiming under the contract by failing to object to the will being probated.

2. SAME—VIOLATION OF CONTRACT—EQUITY—SPECIFIC PERFORMANCE.

Where a husband agreed with his wife, in consideration of the discharge by her of a mortgage on his property, that he would not change, alter, or revoke a will theretofore made by him, leaving all his property to her, and after performance by her made a new will leaving the property in trust to his executor to pay the income to her for life and then convey to another, on such last will being probated such agreement should be enforced in equity by requiring the legal title to be conveyed to her.

3. SAME—CONSIDERATION.

Where a husband paid the amount of a mortgage on his property, and took an assignment thereof in his wife's name, had it recorded, showed it to her, and told her that he had it made for her, she has such an interest therein that an agreement to satisfy the mortgage is a good consideration for his agreement not to change or revoke a will which he has made, leaving all his property to her.

Appeal from special term, New York county.

Action by Annie Kine against James Farrell and others. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, and LAUGHLIN, JJ.·

Horace K. Doherty, for appellant.

Dudley R. Horton, for respondents.

LAUGHLIN, J. This is a suit in equity brought by the widow of Thomas Kine, deceased, against his executor and trustee, devisees and legatees, to enforce plaintiff's rights under an agreement with her husband by which he, in consideration of the discharge by her of a mortgage for $8,000 on premises owned by him, covenanted that he would not change, alter, or revoke a will theretofore made by him leaving all his property to her. He did revoke the will, and made another devising the premises, from which she discharged her mortgage to his executor in trust to pay the income thereof to plaintiff during her life, with the remainder over to his nephew, subject to the payment of certain legacies aggregating $5,010, which were made a charge thereon. The last will was duly admitted to probate, and, because the plaintiff was cited and made no protest, it is claimed that she is estopped from maintaining this action. The testator having been competent to make a will, and the second will having been executed voluntarily and in conformity with all the requirements of law, it was the duty of the surrogate's court to admit it to probate, and the probate could not have been

successfully opposed by plaintiff on the ground that it was executed in violation of his agreement with her (section 2623, Code Civ. Proc.; In re Gloucester's Estate [Sur.] 11 N. Y. Supp. 899; In re Giles' Estate, 11 Abb. N. C. 58; In re Keep, 17 N. Y. St. Rep. 812, 2 N. Y. Supp. 750). The will is therefore valid, and transfers the legal title to the property.

In a proper case, however, such legal title may be impressed with a trust in favor of a party having prior equities. The agreement between the plaintiff and decedent was in writing. It recites a good consideration, is free from ambiguity, and is neither inequitable nor against public policy. No superior equities have intervened. In these circumstances, a court of equity will decree that the legal title is impressed with a resulting trust in favor of the plaintiff for the performance of the testator's agreement with her, and the agreement will be specifically enforced by requiring a conveyance of the legal title to her in execution of such trust, and by enjoining the beneficiaries under the will from questioning her title. Parsell v. Stryker, 41 N. Y. 480; Shakespeare v. Markham, 10 Hun, 311, affirmed 72 N. Y. 400; Godine v. Kidd, 64 Hun, 585, 19 N. Y. Supp. 335; Brantingham v. Huff, 43 App. Div. 414, 60 N. Y. Supp. 157; Gates v. Gates, 34 App. Div. 608, 54 N. Y. Supp. 454; Winne v. Winne, 166 N. Y. 263, 59 N. E. 832, 82 Am. St. Rep. 647; Edson v. Parsons, 155 N. Y. 567, 50 N. E. 265; Ellerson v. Westcott, 148 N. Y. 149, 42 N. E. 540.

It is also claimed that the agreement upon which the action is based is void for want of consideration. The agreement recites that differences have arisen between the parties with respect to the $8,000 mortgage which is held in her name by assignment; that it is agreed that she will release and surrender up all claim or right thereto, and cancel and discharge it of record. It is not disputed that plaintiff fully performed the agreement on her part, and that her husband had the benefit of the extinguishment of the lien upon his premises; but it is contended that plaintiff had no interest in the mortgage, and that, therefore, the agreement was without consideration. More specifically, the contention is that the assignment was never delivered to plaintiff, and that her husband paid the entire consideration therefor. There is no evidence that the decedent ever so claimed. It does not appear what the controversy between plaintiff and her husband over the mortgage was, or whether it involved the right or ownership of the whole or of a part thereof, or of some collateral agreement.

The plaintiff and her husband lived together for nearly 50 years. The testator purchased the premises originally for $1,000 cash, subject to this mortgage. He borrowed $500 of the purchase price from his mother, and plaintiff repaid it by her personal services. Her husband subsequently paid the holder of the mortgage the amount owing thereon, and took an assignment thereof in plaintiff's name. The assignment was recorded, and plaintiff saw it in her husband's possession in their house, and he told her that he had made it for her. She was old and nearly blind, but was aware that the mortgage was upon the premises where they resided.

It is unnecessary to determine whether plaintiff actually owned the mortgage, or in fact had any interest therein. If there was any ground for a bona fide claim on her part, either of ownership or of a lesser interest, the courts will not look into the merits of the claim, but will enforce the rights voluntarily given in settlement thereof. Rector, etc., v. Teed, 120 N. Y. 583, 24 N. E. 1014; White v. Hoyt, 73 N. Y. 505; Dunham v. Griswold, 100 N. Y. 224, 3 N. E. 76; Andrews v. Brewster, 124 N. Y. 433, 26 N. E. 1024; Sears v. Grand Lodge, 163 N. Y. 379, 57 N. E. 618, 50 L. R. A. 204. On these facts, it is evident that there was some basis for the assertion by plaintiff of a claim of ownership in this mortgage. It stood in her name, and the assignment was recorded, which was evidence between the parties that it had been delivered and had become a completed gift. The assignment standing in her name, there was also ground for the claim that no trust resulted in favor of her husband, notwithstanding the fact that he paid the consideration. Sections 74, 205, 240, Real Property Law (chapter 547, Laws 1896).

Neither of these claims was so manifestly frivolous as to indicate that it was asserted in bad faith, nor to justify the court in declaring the compromise agreement void. Furthermore, it is not perceived how the compromise agreement can be ignored until it is rescinded, and plaintiff is restored to the position she was in prior to performance on her part.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.