---

CONLON v. MISSION OF IMMACULATE VIRGIN et al.

(Supreme Court, Appellate Division, First Department.   June 19, 1903.)

1. SPECIFIC PERFORMANCE—CONTRACT TO DEVISE PROPERTY—CERTAINTY.
    In an action to enforce specific performance of a contract to devise property to plaintiff, the ordinary rules governing actions for specific performance of contracts are to be rigidly applied, and the contract must be certain and definite in all its parts.

2. SAME—EVIDENCE—SUFFICIENCY.
    Where plaintiff sought specific performance of a contract whereby her deceased husband had agreed to devise all his property to her, and one witness testified that decedent had told him he had promised to do everything he could for plaintiff, and other witnesses testified to declarations of decedent that he had promised to leave plaintiff all his property, but their testimony was vague and unsatisfactory, and in some respects contradicted, and it appeared that plaintiff had brought an action in which she claimed and was awarded dower in decedent's estate, a judgment denying the relief was warranted.

3. SAME—DECREE.
    Where, in a suit to enforce specific performance of a contract, whereby a decedent had agreed to devise money to plaintiff, no such contract appears, but there is proof that plaintiff advanced certain sums to the decedent, a decree dismissing the complaint should provide that it is dismissed without prejudice to plaintiff's rights to maintain any action to recover any indebtedness due her.

Appeal from Special Term, New York County.

Action by Eva K. Conlon against the Mission of the Immaculate Virgin and others.   From a judgment dismissing the complaint (79 N. Y. Supp. 406), plaintiff appeals.   Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Morris A. Tyng, for appellant.
Geo. M. S. Schulz, for respondents Dolan and others.
B. P. Ryan, for respondents Jones and others.

PATTERSON, J.   In this action the plaintiff claimed to be entitled to the specific performance of a contract which she asserts was entered into between her and John P. Conlon, her husband, and by which, in consideration of certain services performed by her for him, and in consideration of certain moneys paid over by her to him, he agreed with her that upon his death he would leave to her all the property of which he might die seised and possessed, and that in pursuance thereof he entered into a certain agreement purporting to perfect the same. The action was brought against the heirs at law, devisees, and legatees under a will of John P. Conlon.   That will was made in 1877.   The plaintiff became the wife of Conlon by an unceremonial marriage in 1894.   She alleges that the agreement under which she claims was made prior to or at the time of her marriage, and that, in addition to

rendering services to her husband, she advanced him the sum of $8,500 as a consideration for that agreement.  Conlon died in April, 1899.  The will of 1877 was admitted to probate.

It is well settled that in actions of this character the ordinary rules of law which govern in actions for the specific enforcement of contracts will be rigidly applied.  As was remarked in Gall v. Gall, 64 Hun, 600, 19 N. Y. Supp. 332:

"These rules require that the contract be certain and definite in all its parts; that it be mutual, and founded upon an adequate consideration; that it be established by the clearest and most convincing evidence.  Even then, when the contract limits a man's right to dispose of his property by will, it is regarded with suspicion, and is enforced only when it is apparent that the hand of equity is required to prevent fraud upon the premises."

See, also, Winne v. Winne, 166 N. Y. 263, 59 N. E. 832, 82 Am. St. Rep. 647; Healy v. Healy, 55 App. Div. 315, 66 N. Y. Supp. 927; Shakespeare v. Markham, 72 N. Y. 403; Kine v. Farrell, 71 App. Div. 219, 75 N. Y. Supp. 542; Godine v. Kidd, 64 Hun, 585, 19 N. Y. Supp. 335; Gates v. Gates, 34 App. Div. 608, 54 N. Y. Supp. 454.

In determining this cause the justice at Special Term by whom it was tried dismissed the complaint on the merits, holding that the plaintiff's case was fatally defective, the proof resting entirely upon the husband's declarations and the testimony of the plaintiff's witnesses being contradictory and improbable.  On a careful examination of the whole record, we find no reason for dissenting from that view of the case.  The plaintiff sought to establish by the testimony of the witness Rosenberg that the contract was made just prior to the marriage agreement between the plaintiff and Conlon.  His testimony is that Conlon said to him, in the presence of the plaintiff: "I want you to be a witness to a contract which I am making with Mrs. Kinnis.  I am going to take her as my wife.  She has promised to take care of me all the rest of my days, and I have promised to do everything I can for the rest of her days, and I want you to remember this day." The witness said: "That is about the words; not exactly, probably, but that is as near as I can remember it." That is all the evidence there is of an original contract.  This witness and others testify to declarations of Conlon, made after that time, to the effect that he had promised to leave the plaintiff all his property, and that he had received money from her; but, as the justice at Special Term says, the testimony of those witnesses is so vague and unsatisfactory, and in some respects contradictory, that they cannot be regarded as establishing the contract set forth in the complaint, especially in view of the attitude which the plaintiff herself assumed with reference to the property of her husband after his death.

No provision was made for the plaintiff by will, and she brought an action, which she prosecuted successfully to judgment, in which she claimed dower in her husband's real estate; and by the judgment it was awarded to her.  The institution of that action and the benefit derived therefrom, while it may not be an estoppel against the prosecution of other claims against the estate, is entirely incompatible with the existence of such a contract as she sets forth in her complaint.  If, by agreement, all the property of which her husband died seised and

possessed was hers, why should she seek dower in that to which she was absolutely entitled? There are other acts of hers referred to in the evidence at variance with the claim she now urges, but it is unnecessary to refer to them. On the whole record we think the justice at Special Term was justified in dismissing the complaint, and, as the case was presented to him, it was proper to dismiss it on the merits.

However, there is proof in the record that the plaintiff advanced to Conlon a certain sum of money. That advance may constitute an enforceable · claim against his estate. We think that the plaintiff should not be precluded from enforcing a claim to recover that money, if it exists. It may be that the judgment entered herein would not have the effect of so precluding her, but there should be no doubt as to that, and therefore we think it should be modified by inserting a provision therein that the complaint is dismissed on the merits, but without prejudice to the right of the plaintiff to maintain any proper action she may be advised to bring to recover any indebtedness of the estate to her arising out of such advance, subject, of course, to whatever defenses may exist thereto.

As thus modified, the judgment will be affirmed, with costs to the respondents. All concur.