CHARLES JAMES PHALEN, Respondent, v. UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under the Last Will and Testament of JAMES PHALEN, Deceased, Appellant, Impleaded with Others, Respondents.

*Will — the probate thereof, and a decree passing the executors' accounts and directing that a trust fund be paid over to the trustee named in the will — how far a bar to an action to have the trust declared invalid because it violates a contract made by the testator.*

A will and a number of codicils, the last of which created a trust in favor of the testator's son, were admitted to probate. Thereafter the accounts of the executors nominated in the will were judicially settled by a decree, which, among other things, required them to pay over the trust fund to the trustee nominated in such codicil, which provision was duly carried out. Subsequently the testator's son brought an action against the trustee to obtain an adjudication that the trust provision was void because it violated a contract made between the plaintiff and the testator during the latter's lifetime. This question was not raised either in the probate proceedings or on the executors' accounting.

*Held,* that the action could not be maintained, for the reason, as given by VAN BRUNT, P. J., and INGRAHAM, J., that the decree admitting the will to probate and the decree rendered on the executors' accounting were conclusive against the plaintiff's right to impeach the validity of the trust provision, and, as given by PATTERSON and McLAUGHLIN, JJ., that the plaintiff was concluded by the decree rendered on the accounting, although not by the decree admitting the will to probate.

LAUGHLIN, J., dissented.

APPEAL by the defendant, the United States Trust Company of New York, as trustee under the last will and testament of James Phalen, deceased, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of June, 1904, upon the decision of the court, rendered after a trial at the New York Special Term, overruling the said defendant's demurrer to the complaint.

*Edward W. Sheldon,* for the appellant.

*Alexander R. Gulick,* for the plaintiff, respondent.

INGRAHAM, J.:

The relief that the plaintiff asks in this action is that the trust under the 7th codicil of the will of James Phalen, of which the defendant, the United States Trust Company, is trustee, be declared to be

created in violation of the plaintiff's rights under an ante-nuptial contract, a copy of which is annexed to the complaint, and that the plaintiff be declared entitled to the principal of the trust fund after $50,000 is reserved therefrom in accordance with the provision of the 5th codicil. The defendant, the United States Trust Company, demurred to the complaint upon two grounds : *First*, that the complaint does not state facts sufficient to constitute a cause of action against said defendant ; and, *second*, that there is a defect of parties defendant in the omission of the executors of the will of James Phalen, deceased.

The complaint alleges that the plaintiff is the only son of James Phalen, deceased, who died in Paris on the 20th of January, 1887 ; that on or about the 7th day of August, 1873, in contemplation of plaintiff's projected marriage with Julia de Zakrevsky the said James Phalen, deceased, entered into a written contract, under seal, dated the 7th day of August, 1873, with the plaintiff, in and by which contract the said James Phalen covenanted and agreed that he would make no distinction between his children as regards the proportion of his estate coming to each under his will ; that on August 11, 1873, the plaintiff was duly married to the said Julia de Zakrevsky ; that subsequent to the execution of this agreement the said James Phalen made testamentary disposition of his estate by a will dated May 15, 1882, and by six codicils thereto, the last one being dated December 31, 1886 ; that by this testamentary disposition, after several specific legacies, the testator devised and bequeathed his residuary estate to his trustees, one-fourth thereof to be held for his wife during her life and upon her death to be divided among his children. Another one-fourth of the said residuary estate was to be set apart for each of his children, the income of the trust fund and also any part of the capital of the said trust fund to be paid by the trustee to such child at such time or times as such child by an instrument in writing duly approved or acknowledged required, saving and excepting the sum of $50,000, which amount at least was to remain in trust until the death of each child. By this testamentary disposition the testator had complied with this covenant in the ante-nuptial agreement, as no distinction was made between his children as regards the proportion of the estate coming to each under his will. On the 17th day of January, 1887, however, the

testator executed a 7th codicil which provided that the portion of his estate which he had by his will left to his son, Charles James Phalen (plaintiff), be paid to the United States Trust Company of New York, in trust to pay the income thereof annually, or at convenient intervals in each year to and for the use and support of the said Charles during his life, and at his death the said trust to cease and the principal and any unpaid portion of the income of said trust fund to go and be divided among his heirs at law, excepting from this provision his dwelling house in Paris, which had heretofore been occupied by his son, which he devises to his said son and his heirs and assigns forever.

After the death of the testator on the 20th day of January, 1887, this will and the seven codicils were duly admitted to probate by the surrogate of the county of New York. The complaint does not attack the probate of the will and codicils; and it must be assumed that the same were admitted to probate upon notice of the plaintiff and the others interested in the estate of the testator. The will having been duly admitted to probate, the executors proceeded to administer the estate, and subsequently presented their accounts in the Surrogate's Court. The accounts were duly settled by a decree of the surrogate on the 29th of July, 1890, and a copy of that decree is annexed to the complaint. That decree recites that the executors of the will had made application to the Surrogate's Court for a judicial settlement of their account as such executors, and had filed a duly verified account of their proceedings; that a citation had thereupon been issued pursuant to statute directed by name to all persons interested in the estate of the decedent, requiring them and each of them personally to be and appear before the said surrogate at a Surrogate's Court to be held in the county of New York on the 24th day of April, 1890, then and there to attend such judicial settlement. The decree then recites the service of this citation upon all of those interested in the estate, including the plaintiff in this action, and that on the return day the plaintiff appeared by Charles H. Woodruff, Esq., his attorney, and that the executors having rendered under oath before the surrogate an account of their proceedings as such executors, and objections having been interposed to said account by the widow of the decedent, an order of reference was thereupon made to examine said account

and objections, " to hear and determine all questions arising on the settlement of said account which the said Surrogate had power to determine, and to make a report thereon to the Court." That objections to the account were subsequently filed by Charles James Phalen (plaintiff) and the hearing before the referee proceeded; that Catherine S. Phalen and Charles James Phalen, after testimony was introduced by the accounting executors, withdrew their objections to said account and the order of reference was vacated by consent. The decree then directed that certain securities held by the executors should be sold for the purpose of reimbursing the income account for the amount of certain advances that had been made from income account to meet the expenses of administration and for the payment of commissions and legacies. It was then decreed that the executors had fully accounted for all property of the estate of the said James Phalen which had come into their hands and their said accounts were duly adjusted; certain legacies were directed to be paid and the advances made by the testator to his children adjusted and that the residuary estate, including such advances, amounted to $714,807.30, one-fourth part of which was $178,701.82. It was then ordered, adjudged and decreed that after certain deductions for commissions and costs and expenses the said executors " assign, transfer and pay to the United States Trust Company of New York, as trustee of the various trusts created in and by said will, all the remaining securities and property held by said executors, and that said residuary estate in the hands of said trustee be thereupon divided, partitioned and constituted as follows." Certain securities were directed to be delivered to the trustee, aggregating in value $178,701.82, to be held in trust for the plaintiff.

The complaint alleges that in pursuance of this decree the executors complied with its terms and paid over the money and property of the estate as therein directed, and that thereupon the executors were duly discharged from all liability and accountability by virtue of having complied with said decree. Upon this accounting by the executors and the decree adjusting their accounts and directing the distribution of the estate the defendant, the United States Trust Company, now holds this property. The defendants claim that this plaintiff is bound by the terms of this decree and that as to him the validity of this trust is established.

The facts which are, therefore, conceded are that this will, with the seven codicils, was admitted to probate as the last will and testament of the decedent. There is no allegation that this decree was not a valid adjudication that the will and codicils were the testator's last will and testament and that the same were not duly admitted to probate as such without objection by the plaintiff. The surrogate had power to determine the question as to the validity of the will of the testator, and its probate so far as personal property was concerned was a conclusive adjudication of the due execution of the will and that the instrument propounded was the last will and testament of the decedent. (Code Civ. Proc. § 2626.) The executors then proceeded under this testamentary instrument consisting of the will and seven codicils. They administered the estate and filed their accounts before the surrogate, and such proceedings were had that their accounts were finally judicially settled and they were directed by the surrogate to dispose of the property in accordance with the testamentary disposition thereof by the testator, such testamentary disposition including the will and its seven codicils.

Section 2622 of the Code of Civil Procedure provides that "before admitting a will to probate, the surrogate must inquire particularly into all the facts and circumstances, and must be satisfied of the genuineness of the will, and the validity of its execution." Section 2623 provides that "if it appears to the surrogate that the will was duly executed, and that the testator, at the time of executing it, was in all respects competent to make a will and not under restraint, it must be admitted to probate as a will valid to pass real property, or personal property, or both, as the surrogate determines." Section 2624 provides that "if a party expressly puts in issue, before the surrogate, the validity, construction or effect of any disposition of personal property, contained in the will of a resident of the State, executed within the State, the surrogate must determine the question, upon rendering a decree; unless the decree refuses to admit the will to probate, by reason of a failure to prove any of the matters specified in the last section." Section 2626 provides that "a decree admitting to probate a will of personal property, made as prescribed in this article, is conclusive, as an adjudication, upon all the questions determined by the surrogate pursuant to this article, until it is reversed upon appeal, or revoked by the surrogate,

except in an action brought under section twenty-six hundred and fifty-three-a of this act to determine the validity or invalidity of such will; and except that a determination, made under section twenty-six hundred and twenty-four of this act, is conclusive only upon the petitioner, and each party who was duly cited or appeared, and every person claiming from, through, or under either of them."

The question presented to the surrogate upon the application for the probate of this will and codicils was whether these instruments, taken together, were the last will and testament of the testator. It must, I think, be conceded that if this 7th codicil had not been executed according to law, or was not valid as a testamentary instrument because of any fact not appearing upon the face of the instrument, the surrogate, under these provisions of the Code of Civil Procedure to which attention has been called, could have determined the question of its validity, and whether or not it should be admitted to probate. If this 7th codicil was a violation of the contract of the testator, evidenced by this ante-nuptial agreement, and if the parties to that agreement had the right to question the validity of the testamentary disposition of the property contained in this 7th codicil, it seems to me that the surrogate had jurisdiction to refuse the probate of this 7th codicil upon the ground that it should not be admitted to probate as a testamentary disposition of the testator's property. But when that codicil was admitted to probate as a valid testamentary disposition of the testator's property, the surrogate's decree admitting it to probate was conclusive as an adjudication upon all the questions determined by the surrogate until it was reversed upon appeal, or revoked by the surrogate, unless an action was brought as allowed by section 2653a of the Code of Civil Procedure.

The question as to the construction of the instrument, and whether its provisions were valid under the laws of the State as a testamentary disposition, was only conclusive where that question was passed upon by the decree of the surrogate admitting the will to probate. But where the question was the right or the power of the testator to make the disposition of property that was indicated, such a disposition being valid by the laws of this State; or, in other words, when the question is whether the testator had the power to make such a disposition of his property as was indicated by the instrument

presented for probate, whether the disability existed because of the testator's testamentary incompetency, or by reason of a contract which was binding upon him, it was I think a question as to whether or not the will should be admitted to probate, and that question was determined by the decree admitting the will to probate and was conclusive upon all parties to the proceeding.

Thus, when the will was admitted to probate there was a testamentary disposition of the testator's property, and if that testamentary disposition violated no provision of the laws of the State the parties to the proceeding were estopped by the decree from questioning its validity; and, as I view it, this decree of the surrogate admitting the will to probate was a conclusive adjudication that the will and codicils were executed in accordance with the law of this State, and that the executors were justified in carrying into effect the testamentary disposition, as directed by the will and codicils, and this the executors proceeded to do. Having administered upon the estate, they presented an account of their proceedings to the surrogate under the provisions of section 2728 of the Code of Civil Procedure, and in that proceeding, to which the plaintiff was a party and appeared by attorney, it was "ordered, adjudged and decreed that after deducting various sums for commissions, costs and legacies above directed, said executors assign, transfer and pay to the United States Trust Company of New York, as trustee of the various trusts created in and by said will, all the remaining securities and property held by said executors, and that said residuary estate in the hands of said trustee be thereupon divided, partitioned and constituted as follows." There was then set apart various specific securities in "Trust for Charles James Phalen." Section 2743 of the Code of Civil Procedure provides as follows: "Where an account is judicially settled, as prescribed in this article, and any part of the estate remains and is ready to be distributed to the creditors, legatees, next of kin, husband or wife of the decedent or their assigns, the decree must direct the payment and distribution thereof to the persons so entitled according to their respective rights.  *  *  *  Where the validity of the debt, claim or distributive share is admitted or has been established upon the accounting or other proceeding in the Surrogate's Court or other court of competent jurisdiction, the decree must determine to

whom it is payable, the sum to be paid by reason thereof and all other questions concerning the same. With respect to the matters enumerated in this section the decree is conclusive as a judgment upon each party to the special proceeding who was duly cited or appeared and upon every person deriving title from such party."

The will and the seven codicils having been duly admitted to probate as a testamentary disposition of the testator's personal property, and the executors having accounted and their accounts having been judicially settled under this section of the Code of Civil Procedure, the question was presented to the surrogate as to whom the residuary estate was payable, and that, and all other questions concerning the same, he had to determine. He determined that question by directing that certain specific property be paid to the defendant as trustee for this plaintiff, and as to that determination the decree was a conclusive adjudication upon the plaintiff who was a party to the proceeding and had appeared therein, and this decree having been duly executed by the executors, this defendant held the property under the trust contained in the will as admitted to probate under the express provisions of this decree.

The plaintiff in this action now attempts to impeach the validity of the disposition made by the 7th codicil of the will as a violation of a contract made between him and the testator, and to recover from the trustee the sum which it received under this decree which was a binding adjudication upon all the parties to the proceeding, including the plaintiff, because the codicil, although duly admitted to probate, and having been fully executed by the executors, was an invalid disposition of the testator's property because made in violation of a contract with the plaintiff. We must bear in mind the distinction between an action to recover damages against the estate for a violation of a contract, and a proceeding to specifically enforce a contract by declaring a will made in violation of its provisions invalid. Assuming that the execution of the 7th codicil was a breach of the contract of the testator with the plaintiff and the other parties to the ante-nuptial agreement, and that the plaintiff would have been entitled to object to the probate of this 7th codicil because the testator had by his contract prevented himself from making such a disposition of his property as was evidenced by the

7th codicil, and that the plaintiff had a right to object to the enforcement of that codicil as a violation of his contract, it seems to me that if he elected to object to the enforcement of this 7th codicil as a testamentary disposition of his property, he was bound to present the violation of this agreement as an objection to the probate of the will, or to the disposition of the residuary estate upon the accounting of the executors, and having failed to make such objection, and the surrogate having decreed the execution of the testamentary disposition made by the 7th codicil, the plaintiff was estopped from questioning the validity of that testamentary disposition.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to amend the complaint on payment of costs in this court and in the court below.

VAN BRUNT, P. J., concurred; PATTERSON, J., concurred in result on the ground of the conclusiveness of the surrogate's decree on the accounting; LAUGHLIN, J., dissented.

McLAUGHLIN, J. (concurring):

I concur in the opinion of Mr. Justice INGRAHAM in so far as he holds that the decree on the accounting of the executors is a bar to this action, but I cannot agree with him that the admission to probate of the 7th codicil has the same effect. The question presented to the Surrogate's Court upon the application for the probate was whether the will and codicils taken together was the last will and testament of the testator, and this required it to find, not whether the instruments or any of them had been made in violation of some agreement, but simply whether they had been executed according to law, and also whether the testator at the time of their respective executions was competent to make a testamentary disposition of his property. This conclusion seems to follow from the express provisions of section 2622 of the Code of Civil Procedure, which provides that before admitting a will to probate "the surrogate must inquire particularly into all the facts and circumstances and must be satisfied of the genuineness of the will and the validity of its execution." And section 2623, which provides that "if it appears to the surrogate that the will was duly executed and that the testator, at the time of executing it, was in all respects

competent to make a will and not under restraint, it must be admitted to probate  *  *  *." These provisions are not qualified or limited by sections 2624 and 2626, as it seems to me, at least to the extent claimed by Mr. Justice INGRAHAM. They provide, in substance, that if a party to a proceeding for the probate of a will expressly puts in issue before the surrogate the validity, construction or effect of any disposition of personal property contained therein the surrogate must determine the question upon rendering a decree unless probate be refused and that the decree is conclusive only upon the petitioner and each party who was duly cited or appeared and every person claiming from, through or under either of them.

The questions which may be here raised are those that arise under the will and are to be determined by a construction of it, aided, if necessary, by extrinsic evidence. (*Matter of Walker*, 136 N. Y. 20.) This is to the end that the intent of the testator may be carried out and not destroyed. It cannot be that these sections contemplate that an issue may be raised as to the right of the testator to make a will at all, or to make it in the manner in which he did. Upon the probate proceedings, therefore, it having been made to appear that the testator was competent to make a will at the time it and the codicils were executed, and that all of them were executed according to law, probate could not have been refused of the 7th codicil on the ground that it violated the agreement referred to in the complaint. (*Kine* v. *Farrell*, 71 App. Div. 219.) This question, however, might have been raised upon the final settlement and distribution of the testator's estate. At that time the question had to be determined, if at all, in order to enable the surrogate to make a proper decree. Section 2743 of the Code of Civil Procedure specifies what such a decree shall contain, and, among other things, provides as follows: " Where an account is judicially settled  *  *  * and any part of the estate remains and is ready to be distributed  *  *  * the decree must direct the payment and distribution thereof *to the persons so entitled* according to their respective rights.  *  *  * Where the validity of the debt, claim or distributive share is admitted or has been established upon the accounting,  *  *  * the decree *must determine to whom it is payable*, the sum to be paid by reason thereof, and all other questions concerning the same."

The plaintiff, therefore, had the right on the accounting to object to the enforcement of the 7th codicil on the ground that it was in violation of the testator's agreement, and had he done so, the surrogate, before a decree could have been made, would have had to pass upon that question, otherwise he could not have made a proper decree. (*Matter of United States Trust Co.*, 175 N. Y. 304.) He did not then object to the enforcement of the 7th codicil as a valid disposition of the testator's property, nor did he question in any way the validity of the decree which was made carrying out the codicil in precisely the manner directed by the testator. He was a party to the proceedings, and this decree is binding upon him so long as it stands in force, and he cannot, while it so stands, be heard to say that the 7th codicil is invalid inasmuch as it violates the agreement alleged in the complaint. (*Brown* v. *Wheeler*, 53 App. Div. 6.)

For these reasons I think the conclusion reached by Mr. Justice Ingraham reversing the judgment is correct.

Laughlin, J. (dissenting):

I am of the opinion that the complaint states a good cause of action. The surrogate could not have refused probate of the will upon the ground that the testator, by the disposition of his property therein made, violated his contract made for the benefit of the plaintiff. In directing the distribution of the funds the surrogate merely followed the provisions of the will. The decree is conclusive as to the construction of the will, but not as to equitable rights and interests in the property, which a court of equity only is competent to enforce. The funds are still intact in the hands of a trustee and have not passed into the hands of an innocent purchaser for value. I, therefore, see no objection to equity impressing a trust upon the funds in favor of the plaintiff, in accordance with his rights secured by the contract.

For these reasons I think the demurrer was properly overruled.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to plaintiff to amend on payment of costs in this court and in the court below.