THADDEUS I. C. PEMBERTON, APPELLANT, V. EUNICE PERRIN ET AL., APPELLEES.

FILED DECEMBER 4, 1913.   No. 17,449.

1. **Parent and Child:** AGREEMENT FOR ADOPTION. An agreement to adopt a child "as our own, and * * * provide for, educate and rear him accordingly," may, if upon a sufficient consideration, be construed, in a contest between such child and other heirs, to make such child an heir, but it could not prevent a free disposal of the property by deed or will as the owners thereof might see fit.

2. **Wills:** IDENTIFICATION OF DEVISEE. A will describing the devisee as ."my nephew John Conrod, of Coldwater, Michigan," sufficiently identifies John Conrod Swart, who resided at Coldwater, Michigan, at the time the will was made, and was the only nephew of the testatrix residing there.

3. ———: DESCRIPTION OF DEVISE: PAROL EVIDENCE. If a will describes the land devised as "the northwest quarter of the northeast quarter (N. W. ¼ N. E. ¼) of section eight (8), township seventeen (17), range nine (9) east, in Washington county, Nebraska," it may be shown by parol evidence that the testatrix owned 40 acres of land in range 10, otherwise described as in the will, and owned no other land, and that the intention was to devise the land owned by testatrix, and that it was described as in range 9, instead of range 10, by mistake.

4. ———: ———: MISTAKE: PLEADING AND PROOF. The allegation that the mistake of inserting 9 instead of 10 as the number of the range was the mistake of the scrivener who wrote the will is sustained

by proof that the mistake of the scrivener in inserting the wrong number of the range was induced by an oversight or ignorance of the testatrix as to the true number of the range.

APPEAL from the district court for Washington county: GEORGE A. DAY, JUDGE. *Affirmed.*

*F. Dolezal,* for appellant.

*W. S. Cook, J. C. Cook* and *Herman Aye, contra.*

SEDGWICK, J.

In 1863 George Pemberton and Margaret A. Pemberton, his wife, made a contract in writing with Kate A. Griffith, the mother of this plaintiff, by which tl ey agreed to adopt the plaintiff, who was then about two years of age. After the death of Mr. and Mrs. Pemberton the plaintiff brought this action to establish and quiet title in and to 40 acres of land which Mrs. Pemberton owned at the time of her decease. The plaintiff claimed this land by virtue of the contract of adoption. The defendant derived his claim through the will of Mrs. Pemberton. The district court for Washington county found the issues in favor of the defendant and dismissed the plaintiff's case. The plaintiff has appealed.

No legal adoption of plaintiff was ever made, but the contract with the mother provided that Mr. and Mrs. Pemberton should take the child into their custody and "adopt him as our own, and will hereafter provide for, educate and rear him accordingly. And we do further agree to clothe, educate and in every way provide for said child in a suitable condition and according to our pecuniary and social standing," and other similar agreements. The plaintiff relies apparently upon the following provisions in the said contract: "We do further agree that at our death the said child shall be an equal heir to his portion of our estate the same as our own children, it being the express understanding that we are to treat, control and in every way provide for said child as our own, we

having hereby adopted it as such, and it is mutually agreed that from this date said child shall be known and called by name 'Charles Pemberton.' "

Mr. and Mrs. Pemberton had no children at that time, and the plaintiff insists that the contract must be considered as an irrevocable agreement, upon a valuable consideration, to leave to him whatever property they might have at the time of their decease. There might be ground for contending that this contract could be enforced as an agreement to make the plaintiff an heir of the deceased under the former decisions of this court, but there appears to be no ground for the contention that this agreement gave the plaintiff such an interest in the property that Mr. and Mrs. Pemberton then had or might thereafter acquire that they could not freely dispose of the same by deed or will as they saw fit.

A short time before her death Mrs. Pemberton made a will whereby she devised to "my nephew John Conrod, of Coldwater, Michigan, the northwest quarter of the northeast quarter (N. W. $\frac{1}{4}$ N. E. $\frac{1}{4}$) of section eight (8), township seventeen (17), range nine (9) east, in Washington county, Nebraska, in fee simple." When the will was offered for probate in the county court of Washington county it was contested, and afterwards upon appeal to the district court for that county it was found to be the last will of Margaret A. Pemberton, and judgment was entered accordingly. It is objected that this will does not convey title to John Conrod Swart. The objection that he is not described in the will by his full name is, of course, without merit. The oral evidence at the trial shows that the testatrix had no other nephew named John Conrod and residing at Coldwater, Michigan, and fully identifies the defendant as the 'person intended as the devisee in the will.

It is also objected that the will describes the land devised as in range 9, whereas the plaintiff claims a 40 acres in range 10, which the evidence shows was owned by Mrs. Pemberton at her death. The description of the land in

the will is complete and accurate except as to the range. The answer alleges that the testatrix owned 40 acres in range 10, but had no land in range 9, and no other land than the 40 acres in range 10; that that forty was the one intended by the testatrix, but range 9 was inserted in the will, instead of range 10, by mistake of the scrivener who wrote the will. It is conceded that evidence supports all of these allegations, except the allegation that the mistake was made by the scrivener. It appears to be contended that evidence that the testatrix intended the land in range 10, but made a mistake as to the number of the range, is incompetent under the allegation that the wrong number was inserted by mistake of the scrivener; that allegation and proof must agree, and that this evidence is such a departure from the allegations of the answer that it must be disregarded. This is altogether too fine a distinction for modern jurisprudence. If the scrivener inserted in the will the wrong number of the range in which the land intended was situated, he made a mistake, even though that mistake was induced by the oversight of the testatrix, and evidence that he inserted the wrong number because the testatrix erred in the directions given him was competent under the allegations of the answer.

We have found no error in the record requiring a reversal, and the judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.