## CONTRACT THAT FOSTER CHILD SHOULD INHERIT ENFORCED.

Court of Appeals for Hocking County.

DELLA SNYDER V. MAY SHUTTLEWORTH ET AL.

Decided, February 25, 1916.

*Specific Enforcement of Contract—Providing for Adoption of Child and Making Her an Heir—Persons to Whom the Property Has Descended—Required to Make Conveyance in Accordance With Said Agreement.*

A written contract, entered into by the parent of an infant child with strangers, by the terms of which the latter agreed to adopt such child, perform the duties and obligations of parents to such child, and further agreed that such child should inherit from each all property which she would be entitled to inherit if she were their own child, will be specifically enforced, by requiring the person to whom the legal title has descended to convey the property in accordance with the terms of the contract, when such contract has been fully performed on the part of such child.

John W. Dennis filed his petition in the court of common pleas, stating that on the 27th day of January, 1881, he married Margaret A. Hartley, who died the 17th of October, 1906, seized of 73.6 acres, more or less, of land in Hocking county, Ohio. The prayer was for dower.

By leave of court Della Snyder filed an answer and cross-petition, and later an amended cross-petition which, omitting the formal parts, reads as follows:

"On or about the 15th day of June, A. D. 1874, one James Lanning, the father of this answering defendant, duly entered into a written agreement with John J. Dennis and Eliza A. Dennis, his wife, wherein and whereby it was mutually agreed by and between the said parties, that said James Lanning, who was then a widower, should, and by the terms of said agreement did, give, grant and surrender unto the said John J. Dennis and Eliza A. Dennis, his infant daughter, this answering defendant, then about the age of two years,

"That such grant and surrender was made for the sole purpose of having his said infant daughter, Della Lanning, adopted by the said John J. Dennis and Eliza A. Dennis according to law.

"And in consideration thereof the said John J. Dennis and Eliza A. Dennis promised, covenanted and agreed with the said James Lanning, that upon the execution of said contract to legally adopt said infant child Della Lanning, now Della Snyder, and would accept the rights and perform the duties and obligations of a parent to said child, and that said child should in all respects be to them and each of them as that of a child born in lawful wedlock.

"That said child should inherit by law from each of them any and all property to which she would be entitled to inherit if she were the legitimate child of the said John J. Dennis and Eliza A. Dennis, his wife, or either of them.

"This defendant avers that said James Lanning, who is now deceased, and this defendant duly performed all the agreements and covenants of said contract on their part to be performed. That he duly surrendered his said infant child to said John J. Dennis and Eliza A. Dennis, who thereafter claimed, demanded and received all her services from said June 15, 1874, until December 24, 1891.

"This defendant avers that upon her surrender by her father, James Lanning, as aforesaid, that she was by the said John J. Dennis and Eliza A. Dennis taken to their home, where she remained continuously until December 24, 1891, when she was by and with the consent of said John J. Dennis and Eliza A. Dennis married and left their home.

"That from said June 15, 1874, until December 24, 1891, she duly performed all the terms, conditions and covenants of the said agreement under their command, performing household and kitchen work, and for a large part of the time working in the fields on their farm, performing the labor of a man. That for more than sixteen years she worked for the said John J. Dennis and Eliza A. Dennis under their orders and demands and by virtue of the terms of said contract, and received no compensation therefor except her boarding and clothing.

"This defendant further avers that said John J. Dennis and Eliza A. Dennis did not perform their part of said agreement in this, to-wit: They did not cause said Della Lanning to be adopted as their child according to law; nor they or either of them, by will or otherwise, provided for said child so that she would, or could, inherit or receive in any other manner the

property to which she would have been entitled to inherit if she were the legitimate child of said John J. Dennis and Eliza A. Dennis.

"This defendant further says that on March 8th, 1902, said John J. Dennis died intestate, leaving the plaintiff, John W. Dennis, his only child and heir at law. That on December 10, 1903, the said Eliza A. Dennis died intestate, leaving Margaret A. Dennis, wife of said John W. Dennis, her only child and heir at law. That on October 17th, 1906, the said Margaret A. Dennis died intestate, leaving the defendant, May Shuttleworth, intermarried with the defendant, Hugh C. Shuttleworth, her only child and heir at law.

"That said Eliza A. Dennis died seized in fee simple of the premises in the petition described, together with some other lands now disposed of. That said lands descended to her daughter, Margaret A. Dennis, subject to the rights of this defendant therein.

"That said Margaret A. Dennis died seized of the premises in the petition described, but subject to the rights and interest of this defendant therein. That subject thereto the said lands descended to the said defendant, May Shuttleworth.

"That the defendant, May Shuttleworth, has ever since October 17, 1906, received all of the rents, issues and profits from the said lands.

"That said contract has been lost or destroyed, and for that reason she can not attach a copy to this pleading. That she did not know the terms and conditions of said contract and her legal rights thereunder until within two years prior to the filing of her answer and cross-petition herein." * * *

A general demurrer to the amended cross-petition was sustained.

*John C. Pettit* and *C. W. McCleary,* for plaintiff in error.
*Tom O. Crossin,* contra.

SAYRE, J.

There is presented for determination the question, whether a written contract, entered into by the parent of an infant child with strangers, by the terms of which the latter agreed to adopt such child, perform the duties and obligations of a parent to such child, and further agreed that such child should inherit

from each all property which she would inherit if she were their own child, will be specifically enforced when fully performed on the part of such child.

This question is discussed, but left undecided, in *Shahan* v. *Swan,* 48 O. S., 25, 31, 32. The question was not presented in that case because the contract there under consideration was a parol contract.

The case of *Schwartz* v. *Steel,* 8 C. C., 154, which was reversed in 55 O. S., 685, on the authority of *Shahan* v. *Swan,* was also founded upon an oral contract.

There was introduced in that case—*Schwartz* v. *Steel*—the record of a proceeding in the probate court, by which the parties who had agreed to adopt the child undertook to carry out that agreement when the latter was twenty-one years of age. But this record, which consisted of a petition signed by Carnahan and wife, "disclosing their intention to make Sarah Ann their heir," and her consent thereto, and the journal entry of the adoption which had been placed upon the records of the probate court, would fail utterly to show that Carnahan and wife, when Sarah Ann was two years old, had proposed to adopt her as their own and make her their heir. In other words, this record wholly fails to show a written contract for adoption made with the Carnahans when Sarah Ann was a child, and the contract proven was an oral one, which brought the case within the rule of *Shahan* v. *Swan.*

So the question for our consideration has never been decided in Ohio so far as shown by reported decisions.

In many jurisdictions an oral contract of this character, when fully performed on the part of the person for whose benefit the contract was made, will be specifically enforced. Written contracts were specifically enforced in the following cases: *Chehak* v. *Battles* (Ia.), 110 N. W., 330, 8 L. R. A. (N. S.), 1130; *Sharkey* v. *McDermott,* 11 Mo., 648, 4 S. W., 107; *Winne* v. *Winne,* 166 N. Y., 263, 82 Am. St., 647; *Burns* v. *Smith* (Mont.), 53 Pac. Rep., 742; *Fiske* v. *Lawton* (Minn.), 144 N. W., 455; *Anderson* v. *Anderson* (Kan.), 88 Pac., 743, 9 L. R. A. (N. S.), 229; *Starnes* v. *Hatcher* (Tenn.), 117 S. W., 219. In these

cases many objections raised to the power and right of a court of equity to decree specific performance have been considered, and it is unnecessary to repeat what is therein reported.

In *Starnes* v. *Hatcher, supra,* the opinion (p. 221) says this:

"Unquestionably, so far as the contract contemplated fixing a status for these complainants as heirs by statutory adoption, this now can not be done. By the death of Starnes, who failed during life to comply with his obligation to adopt these parties, it is made impossible for the courts to do what he should have done in this regard. But it does not follow from this that the complainants are to be cut off from all relief. As we have seen, his agreement was not only to adopt, but to leave these parties at his death his estate. Thus it covered two different duties, which he obligated himself to discharge. These were as distinct in character as if he had bound himself in a strictly legal manner, upon a valuable consideration, to convey two tracts of land to another. To a bill to enforce specific performance of such contract he would not be permitted to repel one seeking its enforcement upon the ground that, subsequent to the contract, he had incapacitated himself from a performance of it in its entirety by selling to a third party one of the tracts covered by his covenant. In such case, upon the election of the complainant, relief would be granted, at least to the extent of the tract remaining unsold. Story's Equity Jurisprudence, Section 779."

So in the case under consideration John J. Dennis and Eliza A. Dennis having agreed to adopt Della Snyder (then Lanning), and having agreed that she should inherit any and all property to which she would be entitled if she were their child, there is no reason, since the contract can not be enforced as to the matter of adoption, why it should not be enforced as to the property.

Now the contract does not bind John J. Dennis and Eliza A. Dennis to leave their property so that Della would inherit anything from them. The contract only requires that she shall inherit such property as she would be entitled to inherit if she were their child. She was to be treated, so far as the property was concerned, as they would or might treat one of their own children. Eliza A. Dennis and her husband could have devised all their property, or conveyed it by deed, to some other person and Della would not have had any redress whatever. *Pemberton*

v. *Perrin* (Neb.), 144 N. W., 164; *Doppmann* v. *Doppmann,* 114 N. Y. Supp., 620, 122 N. Y. Supp., 1126; *Crawford* v. *Wilson* (Ga.), 78 S. E., 30. If Eliza A. Dennis had devised or conveyed by deed all her property to Margaret A. Dennis, Della Snyder would have been like any other child who is disinherited, because a parent may dispose of his property by will or deed without regard to his children.

But the property was not conveyed by deed or devised. It was left to pass by law, and the legal title has descended to May Shuttleworth. If Della had been adopted, as agreed, she would now have been the owner of the undivided one-half of the premises described in the petition. Eliza A. Dennis and her husband have, therefore, failed to comply with their contract, although Della has fully complied with hers. Since the property has passed under the statute of descent, Della is entitled to be treated, so far as this property is concerned, as if she were the child of Eliza A. Dennis. Della Snyder did not inherit the property. She is not an heir of Eliza A. Dennis. Her rights in the premises are lodged in the written contract of 1874, fully performed by her.

In *Emery* v. *Darling,* 50 O. S., 160, the contract was that the property should pass by will, and it was held that at the death of the promisor the promisee was the equitable owner of the same.

In the instant case the property is to pass by means of adoption. In each case the person making the promise failed to comply with its terms. In each case the property passed by descent. If, after the property passed by descent in the one case, the person to whom the promise was made became the equitable owner thereof, no reason can be assigned why the person to whom the promise was made in the other did not become the equitable owner of the property in controversy.

The contract is in writing, and hence does not conflict with the statute of frauds. The title to an undivided one-half of the premises described in the petition descended to Margaret A. Dennis in trust for Della Snyder, and then on the death of Margaret A. it descended to May Shuttleworth in trust for

Della Snyder. There is no obstacle to a specific performance, and it is only justice that, after her father released her to a stranger and gave up the society of his daughter, according to the contract of 1874, and after Della has fully completed the same, she should now be decreed what it was agreed she should have when the contract was made.

The demurrer to the amended cross-petition should have been overruled. The judgment will be reversed and remanded for further proceedings.

Judgment reversed.

WALTERS, J., and MERRIMAN, J., concur.