McCRILLES *v.* SUTTON.

SPECIFIC PERFORMANCE — CONTRACT MAKING FOSTER SON HEIR —. CONSTRUCTION.

In proceedings against the heirs of plaintiff's foster mother for the specific performance of a contract between plaintiff and his foster parents, contract construed, and *held*, to support the finding of the court below that it was the intention of the parties that plaintiff should be an heir at law of both foster parents and have such portion of their property as an heir at law would take.

Appeal from Lenawee; Chester, J., presiding. Submitted June 3, 1919. (Docket No. 6.) Decided July 17, 1919.

Bill by Oliver J. McCrilles against S. Floyd Sutton and others for the specific performance of a contract.

For authorities passing on the enforcability of contract to give child share of estate in consideration of the surrender of the child to promisor, as affected by statute prescribing mode of adoption, see notes in 8 L. R. A. (N. S.) 1130; 46 L. R. A. (N. S.) 1134.

From a decree for plaintiff, defendants appeal. Affirmed.

*Earl C. Michener,* for plaintiff.

*B. D. Chandler,* for defendants.

OSTRANDER, J. The bill is filed for specific performance of a written contract, reading as follows:

*"Know all men by these presents,* that we, James R. McCrilles of the township of Medina, county of Lenawee, and State of Michigan, and Sarah Jane Mc-Crilles, wife of said James R. McCrilles, parties of the first part, and Oliver J. McCrilles of the same place, party of the second part, have and do, this, the twenty-third day of August, in the year one thousand eight hundred and ninety-four, make and execute under our hands and seals the following agreement: for that, whereas, the said party of the second part was the son of a deceased sister of Sarah Jane McCrilles, one of the parties of the first part, herein, and whereas, said sister died when the party of the second part, herein, was but six weeks old, and was then at the time of his mother's death given by James Holliday, his father and husband of said deceased, sister to the parties of the first part, to be by them adopted as their own child and heir, and was by them, accepted as such in good faith, and given by them their family name, by which name, alone, he has been and is known and called; and whereas he has always been promised, by the parties of the first part, that he should have the same worth of property, in all respects, as their own son upon the death of James R. McCrilles, one of the said parties of the first part, herein, and whereas, in consideration of such promises, he has served the parties of the first part faithfully, which services the parties of the first part hereby acknowledge, and that they owe him a large amount of money. Therefore, and whereas, the parties of the first part had hitherto supposed that the party of the second part had by them been legally adopted under the laws of this State, but on examination no record of such action can be found.

"Now, therefore, in consideration of love and affection, and of the foregoing premises, and the promises and undertakings made by the parties of the first part to the party of the second part, and in consideration of the services performed by the party of the second part for the parties of the first part set forth in said premises, all of which the parties of the first part do hereby confess and acknowledge; have undertaken and promised and do hereby undertake and promise the party of the second part, that, at the death of James R. McCrilles, one of the parties of the first part, herein, he, Oliver J. McCrilles, party of the second part, shall have the same rights in all respects to the property, real, personal, and mixed, of the parties of the first part as he would have had if he had been duly and legally adopted by them, according to the law of this State. For the performance of which, the parties of the first part hereby bind themselves, their heirs, executors and administrators.

"And the party of the second part, relying on the promises and undertakings of the parties of the first part, as above set forth, has and does hereby relinquish all claims and demands whatsoever against the parties of the first part.

"In witness whereof, the parties hereto set their hands and seals the day and year first above written.

(Signed) "JAMES R. MCCRILLES (S).
"SARAH JANE MCCRILLES (S).
"OLIVER J. MCCRILLES (S).
"Signed and sealed in presence of
"J. C. SAWYER,
"T. L. SAWYER."

Defendants are heirs at law of Sarah Jane McCrilles, deceased. Nine of the defendants answered the bill, it was taken as confessed by one, and the others filed disclaimers. James R. McCrilles died April 1, 1904, and Sarah Jane died May 27, 1917. When the contract in question was executed, plaintiff was of full age. After the contract was made, and under date April 9, 1901, James R. McCrilles made a deed conveying to his wife certain lands in Michigan and Ohio, 120 acres in all, reserving to himself a

life interest therein, which deed was recorded May
14, 1904. When she died, Sarah Jane owned 40 acres
of this land. This 40 acres is the only land described
in the bill of complaint. On April 19, 1901, James
R. and Sarah Jane deeded to plaintiff 440 acres of land,
James R. reserving to himself a life use of a portion
of it. It is not disclosed that at this time James R.
McCrilles owned any other property, or that he died
leaving property. It does not appear that at the date
of executing the contract Sarah J. McCrilles had any
property. When she died, she had, besides the 40
acres of land, personal property valued at $4,500. A
decree passed for plaintiff for specific performance of
the contract and that plaintiff take of the property
of Sarah Jane McCrilles the same share and portion
as a son and only child; that, after paying debts and
funeral expenses, plaintiff is decreed to be owner of
all property of which she died seised or possessed, and
the probate court is directed to make an order as-
signing the estate accordingly. Nine defendants have
appealed, and they contend that by the language of
the contract no separate property of Sarah Jane Mc-
Crilles is involved, that the contract had been fully
performed at the death of James R. McCrilles. When
the contract was made, the law with respect to the
descent of real property was that in the absence of
children or the issue of children of the intestate it de-
scended to all his other lineal descendants, the widow
being entitled to dower therein.

Appellants point out in the contract the language
in the preamble or inducement,—

"that he should have the same worth of property, in
all respects as their own son *upon the death of James
R. McCrilles,*"

—and in the body of the agreement the language,—

"that, *at the death of James R. McCrilles,* one of the
parties of the first part, herein, he, Oliver J. McCrilles,

party of the second part, shall have the same rights in all respects to the property, real, personal, and mixed, of the parties of the first part as he would have had if he had been duly and legally adopted by them."

While the repeated reference to the death of James R. McCrilles as the date of accession of plaintiff to his rights under the contract has a tendency to support the interpretation placed on the contract by the appellants, we are satisfied that the general manifest intention to make of plaintiff an heir at law of both parties of the first part, and that he should have such portion of their property as an heir at law would take, is controlling of the meaning to be given to the contract.

This meaning supports the decree of the court below, which is affirmed, with costs to appellee.

BIRD, C. J., and MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred. FELLOWS. J., did not sit.