MARY POHLE, APPELLANT V. FRANS NELSON ET AL.,
APPELLEES.

FILED MARCH 28, 1922.　No. 21789.

1. **Limitation of Actions: PETITION: DEMURRER.** Where it appears from the statement of facts in the petition that the cause of action is on its face barred by the statute of limitations, and there are no allegations tolling the statute, a demurrer can be properly interposed to such cause of action.

2. ————. The two causes of action set forth in paragraphs 3 and 4 of plaintiff's petition having accrued over 25 years before the commencement of suit, and not containing allegations evidencing fraud or the establishment of trusts or tolling the statute, are each barred under the statute of limitations.

3. **Specific Performance: ADOPTION: CONTRACT: CONSIDERATION.** An agreement with a child sufficient as a basis for an action for specific performance of contract must be unequivocal in terms and provide for a definite amount or share of property, or for some specific property, and must be upon valid consideration. An agreement made after decree of adoption, which provides only for the services required by such decree, is void for lack of legal consideration.

4. **Adoption: RIGHTS OF ADOPTEE.** A contract with a child or a decree of adoption, which does not obligate the parents to give the child any more than one born to them in lawful wedlock, does not restrict the rights of the parents to dispose of their property by deed or will.

5. ————: ————. A decree of adoption under the laws of Nebraska or an agreement with a child granting no greater rights only confers upon such child the right to inherit what property remains undisposed of, on equal terms with the child or children born in lawful wedlock to such adopting parents.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*H. E. Burkett,* for appellant.

*B. Ready, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., BUTTON and COLBY, District Judges.

COLBY, District Judge.

This is a suit in equity brought by Mary Pohle, formerly Mary Nelson, for the purpose of being declared a lawful heir of John Nelson and Christine Nelson and for the specific performance of certain promises and agreements alleged in the petition. The defendants each filed demurrers to the petition, which were sustained by the district court, and the questions for consideration in this court are whether the facts alleged in plaintiff's petition are sufficient to constitute causes of action, and also whether the causes of action alleged in the third and fourth paragraphs of said petition are barred by the statute of limitations.

The petition charges that John Nelson, in the month of March, 1877, being over 44 years of age and married to a widow owning a separate estate, took the plaintiff, Mary Pohle, then a girl of five years of age, under the promise to do by her as though she were their own child, and thereafter, on October 1, 1877, upon his own motion was appointed guardian of the person and estate of plaintiff and of the plaintiff's brothers and sister, and that the said John Nelson and his wife, Christine Nelson, offered and agreed in writing to bestow upon plaintiff "all the rights, privileges, inheritance, heirship and immunities of children born in lawful wedlock," and thereafter, on July 1, 1878, the said John Nelson and Christine Nelson, husband and wife, legally adopted plaintiff as their own child, and thereby specifically conferred upon plaintiff the right of heirship and inheritance, as specially shown by the copy of the decree of adoption from the county court of Cedar county, Nebraska, attached to said petition and made a part thereof; and that also subsequent thereto the said John Nelson orally agreed with the plaintiff that if the plaintiff remained with him during her minority, rendering him faithful service as a daughter, she should receive a child's share of his property, just as though she were his own daughter; and that thereafter the said John Nelson repeatedly told plaintiff that she would get a child's share of whatever property he had at the time of his death, as she

was his girl; that for 13 years following the taking of the plaintiff by the said John Nelson and his wife he kept and controlled plaintiff, availing himself of her services and affections under said promises and agreements; the plaintiff working for him in the house and upon the farm without wages and returning him the comfort and assistance of an affectionate and faithful daughter.

In paragraph 3 of plaintiff's petition it is alleged that the plaintiff's brother, Charley Olesen, of whom the said John Nelson was also guardian, died intestate at the age of 20 years, on August 26, 1885, possessed of considerable personal property, which the said John Nelson took possession of and mingled with his own and converted to his own use and benefit, so that the same could not and cannot now be separated and distinguished, the exact value of which the plaintiff was not able to state; that plaintiff, together with her sister and brothers, were the only heirs of the said Charley Olesen.

In paragraph 4 of plaintiff's petition it is alleged that the said Christine Nelson, wife of the said John Nelson, died intestate at their residence in Cedar county, Nebraska, on September 26, 1885, possessed in her own right of considerable personal property, which was her sole and separate estate; that the said John Nelson took possession of said property and mingled it with his own, converting the same to his own use, so that it could not and cannot be separated and distinguished, the exact value of which the plaintiff is unable to state; that on May 29, 1886, the said John Nelson was married to the defendant Hannah Nelson, and the children of this marriage are the defendants John Lynn Nelson and Ollie Nelson, both born on June 12, 1888; that the said John Nelson departed this life at his residence in Cedar county, Nebraska, on December 21, 1919, and left surviving him the plaintiff, the plaintiff's brother, his adopted son, Alfred Olesen Nelson, Hannah Nelson, his widow, John Lynn Nelson, his son, and Ollie Nelson, his daughter, all of said persons being over the age of 21 years; that at the time of his death the said John Nelson was pos-

sessed of a large amount of real and personal property in Cedar county, Nebraska; that plaintiff, relying upon said promises and agreements and in pursuance thereto, went to live with and serve them as a dutiful and affectionate daughter until she was 18 years of age, conducting herself towards them as a dutiful child and receiving at their hands all the devotion and love a child should receive from parents, assisting the said Christine Nelson in the housework and taking care of and nursing her during her sickness, the said John Nelson and Christine Nelson during all of said time calling and treating plaintiff as their own child, and plaintiff discharging the duties and obligations resting upon her under said promises and agreements as a dutiful and affectionate daughter; but that the said John Nelson on June 20, 1890, wrongfully and in violation of said promises and agreements with the plaintiff, executed a will giving plaintiff only the sum of $50, which provision of said will has been renounced and rejected by the plaintiff; that the defendant Frans Nelson is the executor of the will and estate of the said John Nelson, deceased.

Plaintiff prayed in her petition that she be decreed to be the legal heir of the said John Nelson and Christine Nelson and for the specific performance of the said promises and agreements; that she be decreed to inherit and take as a daughter of the said John Nelson and inherit such share of his property as she was entitled to as an adopted daughter of the said John Nelson, to the same extent as she would have inherited had he not attempted by a last will and testament to violate said promises and agreements with the plaintiff. Exhibit A attached to said petition is a certified copy of the decree of the county court of Cedar county, Nebraska, relating to the adoption of plaintiff and her brothers and sister, and adjudges, in substance, that the said plaintiff shall have bestowed upon her by the said John Nelson and Christine Nelson all the rights, privileges, and immunities of children born in lawful wedlock; that she shall take the name of her adopting parents, and that all the relations of parents and children shall attach to said

parties; that the said plaintiff, from the date of said de-
cree henceforth during her minority, shall be subject to the
exclusive control and custody of said adopting parents and
shall possess and enjoy "all the rights, privileges, inher-
itance, heirship and immunities of children born in lawful
wedlock."

The several defendants demurred to the third paragraph
and to the fourth paragraph of plaintiff's petition, which
paragraphs are supposed to contain causes of action, al-
though not separately stated or numbered, on the ground
that four years have elapsed since the causes of action ac-
crued, and also demurred generally to the petition on the
ground that it does not state a cause of action. These de-
murrers were each sustained by the district court and
plaintiff's action dismissed, and these rulings are among
appellant's assignments of error.

It is doubtful if paragraphs 3 and 4, inserted in said
petition, are separate causes of action, as the prayer does
not ask any specific relief for the money or property al-
leged to have been converted by the said John Nelson to
his own use, and it occurs to the writer of this opinion
that perhaps these two paragraphs were not intended as
separate causes of action, but merely as additional state-
ments of equitable facts which might have a bearing upon
the relief of specific performance, which appears to be the
real gist or object of the action. However this may be,
assuming that they are intended as separate causes of
action, the petition discloses the fact that Charley Olesen
died on the 26th day of August, 1885, and that Christine
Nelson died on the 26th day of September of the same year,
and that plaintiff attained her majority in the year 1890,
so the period of more than 25 years has elapsed since these
causes of action accrued to the plaintiff, and, as the peti-
tion contains no allegation of fact extending the bar of
such statute, these causes of action, on their faces, are
barred by the statute of limitations, and the rulings of the
district court in that behalf are well taken.

The main assignment of error is the action of the dis-

Pohle v. Nelson.

trict court in sustaining the several general demurrers of
the defendants to the petition or to the main cause of ac-
tion contained therein, in which she demands to be de-
creed the legal heir of the said John Nelson and Christine
Nelson, and prays a specific performance of the said
promises and agreements notwithstanding said will.  It
is the contention of plaintiff that the said verbal and writ-
ten agreements of John Nelson, the legal adoption by him
and his wife of plaintiff, and a compliance on plaintiff's
part with rendering services and affection, not only make
the plaintiff his heir, but also prevent the said John Nelson
from disposing of his property by will or otherwise as he
may seek to do, and this is the important contention on
which plaintiff demands relief and is the real remaining
question for the court's decision.

It appears from a reading of the petition that the verbal
and written agreements set forth therein were made after
the decree of adoption by the county court, and that the
only consideration therefor was "that, if plaintiff remained
with the said John Nelson during her minority and ren-
dered him service as a daughter, she should receive a child's
share of his property, just as though she were his own
daughter," "she would get a child's share of whatever prop-
erty he had at the time of his death, as she was his girl."
It will be observed that these verbal statements and agree-
ments upon which the action is founded, as set forth in
the petition, when taken together, are hardly as strong or
as full as those contained in the decree of adoption, and
there may be some question whether they should be con-
strued as giving any greater rights and privileges to the
plaintiff than those contained in said decree; but in any
event the services and affection agreed to be given and
given by plaintiff to her adopted parents were not more or
greater than required under said decree, so there was no
legal consideration whatever for said verbal or written
agreements.  Under the decree of adoption the plaintiff
was already required and under legal obligation to render
such service; the verbal and written agreements, having

been made after the child had become legally adopted, were not based upon any new or different or, in fact, upon any legal consideration whatever, since the only consideration mentioned was that the child should remain with its adopting parents during its minority and render faithful service as a daughter.

The authorities cited in appellant's brief do not give parties the right, under agreements like those set out in the petition, upon which plaintiff's claim is based, entered into after decrees of adoption, to compel a division of property or prevent the disposal of the same by will or deed. A plain interpretation of such agreements seems to be that the plaintiff would be placed in the same position as a child born in lawful wedlock, and that after and by the decree of adoption John Nelson was legally bound to do by the plaintiff as though she were his own child. This is a clear and fair inference from the language used in plaintiff's petition. The authorities cited in plaintiff's brief in support of her contention were all in suits where the agreements were made prior to and were not followed by any decrees of adoption, and were almost entirely those in which express provision was made for a definite amount or share of deceased's property or for some specific property, and hence would plainly, as a matter of justice and equity, prevent its alienation by will or otherwise.

In *Kofka v. Rosicky*, 41 Neb. 328, the contract was to leave the child all of the property of which the adopting parents might die seised. In *Peterson v. Bauer*, 83 Neb. 405, the agreement was to leave, by will, one-half of the estate to the child. In *Hespin v. Wendeln*, 85 Neb. 172, the contract expressly stated that the child should have certain personal property when he became 21 years of age, and on the death of the parent share equally with his children in the estate. In *Best v. Gralapp*, 69 Neb. 811, definite property was to be left. In *Harrison v. Harrison*, 80 Neb. 103, the contract described a specific farm and required that the claimant should reside with the owner until the owner's death. In *Johnson v. Riseberg*, 90 Neb.

217, the agreement provided for an entire farm and all personal property. In *Damkroeger v. James*, 95 Neb. 784, the contract provided for all property, and the same agreement ruled in *Hannemann v. Ott*, 98 Neb. 492, for the entire estate. In *Lacey v. Zeigler*, 98 Neb. 380, the contract made provision for a definite and certain sum of money. In *O'Connor v. Waters*, 88 Neb. 224, the contract required that claimant should remain with the owner after his majority and should have a definite tract of land; and in *Moline v. Carlson*, 92 Neb. 419, the claimant was to remain until the death of the owner and receive all the property of deceased. In *Tuttle v. Winchell*, 104 Neb. 750, the agreement to adopt substantially guaranteed that the child should become an equal heir with a daughter of the adopting parents. In this case the parents died intestate, and the court in the opinion makes the following statement: "It did not in terms restrict their right to dispose of their property before or after their death. It only gave the plaintiff the right to inherit what remained undisposed of on equal terms with the daughter." See, also, *Pemberton v. Perrin*, 94 Neb. 718.

The case of *Pemberton v. Perrin, supra,* would seem to dispose of this action and settle the law in this state. But it can not be contended from the adjudicated cases in the different states generally that the adoption of a child gives such child any other or greater property rights than those which are held by children born in lawful wedlock. The only exception which the writer has been able to find to this rule is that which exists or formerly prevailed under the Code Napoleon, which has been adopted, with amendments, as the law of the state of Louisiana. Under this Code an adopted child has been given greater rights than a child of lawful wedlock in the property of the adopting parents, and some authorities in that jurisdiction hold that the parents can neither by deed nor will deprive such adopted child of its property rights. The Code Napoleon, however, is not the law of Nebraska.

In conclusion, it appears that the agreement alleged in

plaintiff's petition cannot be enforced in this action because (1) it was without consideration by reason of having been made after the county court's decree of adoption and containing no additional consideration; (2) because such agreement and such rights and privileges as were granted under the decree of adoption did not give the plaintiff, as an adopted child, any further, superior or greater rights than those granted to children born in lawful wedlock; and (3) because, notwithstanding the decree of adoption and the subsequent agreement, the adopting parent can alienate and dispose of his property by will or otherwise as to him seems best and can devise and bequeath his property to one or more of his children to the exclusion of any or all others, whether adopted or born in lawful wedlock.

The application of the law to the admitted facts in this case seems unequivocally to support the decision of the district court in sustaining said demurrers and dismissing said petition, and such action is

AFFIRMED.