SUNIOR *v.* SUNIOR ET AL.

*Contracts—Written agreement by husband and wife to adopt child as heir—Specific performance by decreeing real estate to child—Husband died intestate, without issue and without having adopted child.*

In 1888 Sunior and his wife entered into a written contract with L., by which they agreed to adopt his infant son and make him their heir, and treat him as their own child. L., whose wife, the mother of the child, was deceased, agreed to relinquish all claim as a father to the child. Thereupon the child was taken to the home of Sunior and wife, and took their name, and continued to reside with them as a son until his marriage in 1913, and all of the parties fully performed the contract, except that Sunior never did adopt the child or make him his heir. Sunior died intestate in 1923, owning certain real estate, and leaving no widow or issue, but leaving brothers and sisters. *Held,* that the contract to adopt the child as an heir will be specifically enforced by decreeing the real estate to him.

(Decided March 30, 1925.)

ERROR: Court of Appeals for Lucas county.

Specific Performance, 36 Cyc. p. 737.

*Mr. W. H. Wagers* and *Mr. John O. Zabel,* for plaintiff in error.

*Mr. O. H. Spengler, Mr. Stephen M. Douglass,* and *Mr. L. M. Murphy,* for defendant in error.

RICHARDS, J.    Charles Sunior, a resident of Sylvania, in Lucas county, died intestate on January 31, 1923, leaving no widow or issue, and seized of certain real estate located in this county.    The plaintiff, William Sunior, is one of his brothers, and in this action seeks to quiet title to the real estate, and demands partition thereof.    The other brothers and sisters, and also Robert Lovell Sunior and his wife, are made defendants.

Robert Lovell Sunior claims to be entitled to the property under and by virtue of a contract made between his father and Charles Sunior and Lovina Sunior on September 20, 1888.    The trial court found and adjudged that, by reason of such contract, Robert Lovell Sunior was entitled to the entire estate and dismissed the petition of the plaintiff, to which judgment error is prosecuted here.

None of the material facts are in controversy in this case.    Charles Sunior and his wife, Lovina Sunior, and the defendant Robert Lovell Sunior, and his father, Robert Lovell, were, in the year 1888, all residents of the state of Michigan.    Robert Lovell's wife had recently died, leaving three small children, one of whom was the defendant Robert Lovell Sunior, then known as Robert Lovell.    On the date named his father and Charles Sunior and wife, Lovina, entered into a written agreement reading as follows:

"Articles of Agreement Made This 20th day of September, A. D. 1888, between Robert Lovewell, J., of Whiteford, Monroe county, state of Michigan, of the first part, and Charles Sunior and Lovina Sunior, his wife, of the township of Summerfield, county and state aforesaid, of the second part, witnesseth:

"That the said party of the first part, being the father of his son Robert Lovewell, aged three years the 18th day of last December (whose mother is deceased), both hereby give and relinquish all claim as a father of said child to the party of the second part on condition that the said Charles Sunior adopt said child as his heir and treat, feed, clothe, and school it in every respect as his or their own child.

"In witness whereof we, the parties aforesaid, in view of the conditions above named, have hereunto set our hands and seals the day and year first above written.

| | |
|---|---|
| "R. Lovell | [L. S.] |
| "Charles Sunior | [L. S.] |
| "Lovina Sunior | [L. S.] |

"Sealed and delivered in presence of:
"Ella Hattersley.
"Ada Wilder."

The parties went before a notary public, and had the foregoing instrument drawn, and it was thereupon executed. None of the parties went to the probate court, but upon the execution of this instrument the child, who was then about three years of age, was taken to live with Charles Sunior and his wife, Lovina Sunior. He continued to reside with them until his marriage in the year

1913, being, as is shown by the evidence, an obedient boy, who performed such duties as are usually performed by children of his age. After residing for some years in the state of Michigan, the Suniors, taking young Robert with them, moved to Sylvania, in this county. Robert was sent to school, took the name of Sunior, and was treated in all respects as if he were a son of Charles and Lovina Sunior, but no steps were taken toward his adoption, except as may be indicated in the written instrument already quoted, and he never did become their adopted son or heir. Whatever rights he has in this action can arise only out of the written instrument as a contract to make him an heir.

The evidence requires a finding that Robert Lovell and the defendant Robert Lovell Sunior performed all of the provisions of the contract resting upon them to be performed, and that Charles Sunior and Lovina Sunior, during their lifetime, performed the contract in full on their part, except that they did not adopt the boy, nor make him their heir. The contract explicitly requires that Charles Sunior "adopt said child as his heir." This part of the contract was broken, and the defendant Robert Lovell Sunior, now grown to maturity, demands specific performance of the requirement that he should be made an heir. This is the simple and only question that we have in this case, and the books are full of authorities on this subject, nearly all of which recognize the right to require the specific performance of contracts of this character.

In many respects the case is similar to *Snyder* v. *Shuttleworth,* 5 Ohio App., 137, 25 C. C. (N

S.), 545, 27 C. D., 234, where the right to require a specific enforcement of the contract was found to exist. *Hickox* v. *Johnston,* 113 Kan., 99, 213 P., 1060, is a leading case, and has been reported and elaborately annotated in 27 A. L. R., 1322. In that case it was held that a contract between foster parents and the mother of an infant to adopt the child and treat her as their own, supported by sufficient consideration, the conditions of which were performed by the child, may be enforced, although the statutory steps for formal adoption were not taken in the probate court. The annotations of that case cover fully the varying forms of such contracts, and the cases there collected clearly require a holding in the instant case that the contract to make Robert Lovell Sunior an heir should be specifically enforced.

We call attention to some cases that illustrate the principle: *Tuttle* v. *Winchell,* 104 Neb., 750, 178 N. W., 755, 11 A. L. R., 814; *Fiske* v. *Lawton,* 124 Minn., 85, 144 N. W., 455; *Winne* v. *Winne,* 166 N. Y., 263, 59 N. W., 832, 82 Am. St. Rep., 647; *Pemberton* v. *Heirs of Pemberton,* 76 Neb., 669, 107 N. W., 996.

A careful examination of the authorities in the various states indicates a striking uniformity in their holdings sustaining a claim for specific performance in a contract of this kind.

It is, however, urged that the contract, being made in the state of Michigan, by parties resident therein, must be construed in accordance with the laws of that state, and that under the Michigan law an instrument of this character cannot be enforced by specific performance. Counsel for plaintiff in

error insist that the case is controlled by *Albring* v. *Ward,* 137 Mich., 352, 100 N. W., 609.   In that case the parties, having concluded to adopt an infant child, went into probate court, where they executed articles of adoption under a statute which was then supposed to be valid, but was afterwards held to be unconstitutional.   The report of the case shows that the father of the child acknowledged that he executed the instrument there made for the purpose of giving his consent in writing to the adoption by Henry and Martha Ward of his daughter Lucy, that she should thereafter bear the name of Ward, and that he consented that she might become their heir.   The facts of the case, as stated in the opinion, show that the Wards on their part "declared" that they adopted the child as their heir, that they desired her to bear their name, and desired the probate judge to enter an order confirming the adoption.   There is a striking difference in the facts in the *Michigan case* from those that appear in the case now under consideration. In the *Michigan case,* whatever was done was done in the probate court, and in the presence and with the approval of the probate judge, and with the sole purpose of adoption, while in the instant case the instrument that was executed was prepared by a notary public, and the parties never took it into the probate court, and evidently never intended to do so, for immediately upon its being executed they returned to their home, the Suniors taking the child with them.   The report of the *Michigan case* does not show that the parties made a contract, but that whatever they did do was simply one step toward the attempted adoption of the child, which

adoption was never legally accomplished because of the unconstitutionality of the statute, and the case was decided on that ground alone.

Subsequent decisions of the Supreme Court of Michigan indicate that the holdings in that state are not in conflict with the general rule of law, as announced in other courts, sustaining the right to specific performance of a contract to make a child an heir. We call attention to *McCrilles* v. *Sutton,* 207 Mich., 58, 173 N. W., 333; *Bassett* v. *American Baptist Publication Society,* 215 Mich., 126, 183 N. W., 747, 15 A. L. R., 213; *Jones* v. *Ireland,* 225 Mich., 467, 196 N. W., 369.

Much comment has been made upon the statute of Michigan providing for the adoption of children, but we do not find that the statute was proved or introduced in evidence.

Finding no prejudicial error, the judgment will be affirmed.

*Judgment affirmed.*

Williams and Young, JJ., concur.