*Pues Family Trust IRA v. Parnas Holdings Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand seventeen.

PRESENT:
            PIERRE N. LEVAL,
            GUIDO CALABRESI,
            SUSAN L. CARNEY,
                        *Circuit Judges*,
_____

PUES FAMILY TRUST IRA, by Michael Pues Executor of the Estate,

            *Plaintiff-Appellee*,

            v.                                            No. 16-1314

PARNAS HOLDINGS INC., LEV PARNAS, Individually,

            *Defendants-Appellants*.
_____

| | |
|---|---|
| FOR APPELLANTS: | Richard L. Yellen, Richard L. Yellen & Associates, LLP, New York, NY. |
| FOR APPELLEE: | Robert J. Hantman, Hantman & Associates, New York, NY. |

Appeal from judgment of the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 28, 2016 judgment of the District Court is **AFFIRMED**.

Defendants-Appellants Lev Parnas and Parnas Holdings Inc. appeal the District Court's judgment awarding $350,000 plus interest and costs to Plaintiff-Appellee Pues Family Trust IRA. Following a bench trial, the District Court found Defendants liable for breach of contract based on their failure to repay a loan made by the Trust. On appeal, Defendants assert that, in its Order, the District Court made irreconcilably inconsistent rulings about whether Lev Parnas was personally bound as a co-obligor or guarantor under the oral loan agreement. And, to the extent that the District Court concluded that Parnas was a co-obligor and not a guarantor, they contend the District Court clearly erred. We assume the parties' familiarity with the underlying facts and the procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

We construe court orders "like other written instruments, except that the determining factor is not the intent of the parties, but that of the issuing court." *United States v. Spallone*, 399 F.3d 415, 424 (2d Cir. 2005). We think the District Court's Order, fairly read, adequately demonstrates the court's intention to hold that the oral loan agreement bound Lev Parnas as a co-obligor with Parnas Holdings Inc. Indeed, the court explicitly rejected Parnas's argument that he was merely a guarantor. It ruled:

> The defendants . . . contend that this complaint "has not asserted a cause of action against Lev as borrower but rather as guarantor." As stated above, the Court finds that the loan . . . was made to both defendants, Lev Parnas and Parnas Holdings Inc. and therefore, both defendants are liable for repayment of the loan.

App. 143. To the extent that the Order suggests that the agreement bound Parnas as a guarantor or uses language inconsistent with the finding that he was a co-obligor, we think that primarily reflects the parties' own imprecise usage and not the District Court's

conflicting intentions. We thus conclude that the District Court intended to hold Lev Parnas personally liable as a co-obligor.

We also reject Defendants' contention that the District Court's holding to that effect was clearly erroneous. Where, as here, the parties contest the terms of an oral agreement, identifying the terms of the contract presents an issue of fact. *Niemira v. Dean*, 666 N.Y.S.2d 75, 75 (N.Y. App. Div. 1997) ("The parties' conflicting accounts of the terms of the oral agreement raised questions of fact . . . ."). We review the District Court's findings on such facts for clear error. *See Vasquez v. GMD Shipyard Corp.*, 582 F.3d 293, 297 (2d Cir. 2009). Under that standard, this Court "give[s] due regard to the trial court's opportunity to judge the witnesses' credibility," and, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (quoting Fed. R. Civ. P. 52(a)(6) and *Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985)).

Under New York law, "[t]he nature of [a loan] obligation depends upon the parties' intention." *Brewster Transit Mix Corp. v. McLean*, 565 N.Y.S.2d 316, 316 (N.Y. App. Div. 1991). Here the District Court concluded, having evaluated the conflicting testimony of Pues and Parnas, that the parties intended to bind Parnas as a co-obligor. We see no reason to consider this finding clear error.

\* \* \*

We have considered Defendants' remaining arguments on appeal and find them to be without merit. The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3